**STATE v. MORGAN**

[225 N.C. App. 784 (2013)]

STATE OF NORTH CAROLINA
v.
TRAVIS DOUGLAS MORGAN

No. COA12-889

Filed 5 March 2013

**1. Criminal Law—denial of motion to dismiss—no written findings**

The trial court's failure to make written findings when denying defendant's motion to dismiss resulted in the remand of convictions for statutory rape and indecent liberties. While the trial court provided from the bench its rational for concluding that defendant's written statement was not rendered involuntary by injuries or painkillers, there was a material conflict in the evidence concerning a promise of leniency in exchange for the statement that the trial court did not address.

**2. Indictment and Information—statutory rape—carnal knowledge—common understanding**

An indictment for statutory rape that alleged that defendant did "carnally know" the victim alleged all material elements of the crime charged, even though the statute referred to "vaginal intercourse." At common law "carnal knowledge" and "sexual intercourse" are synonymous and a person of common understanding would know that the indictment alleged an act of vaginal intercourse.

**3. Rape—statutory—indictment—language**

An indictment for statutory rape was sufficient where it alleged all of the material elements of N.C.G.S. § 14-27.7A. The indictment was not insufficient because it did not contain the language "by force and against her will"; N.C.G.S. § 15-144.1 does not apply to the statutory rape of a child 13, 14, or 15 years old.

Appeal by defendant from judgment entered 1 March 2012 by Judge Anderson Cromer in Moore County Superior Court. Heard in the Court of Appeals 11 December 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Anita LeVeaux, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender David W. Andrews, for defendant-appellant.*

HUNTER, Robert C., Judge.

Travis Douglas Martin ("defendant") appeals from judgment entered in Moore County Superior Court upon return of a jury verdict finding him guilty of statutory rape of a 15-year-old girl and indecent liberties with a child. On appeal, defendant argues that: (1) the trial court erred by failing to enter written factual findings and conclusions of law in its denial of defendant's motion to suppress, and (2) the trial court lacked jurisdiction to enter its judgment due to defects in the indictment. After careful review, we find no error in the indictment but remand to the trial court for entry of a written order on defendant's motion to suppress.

## Background

The evidence at trial established the following facts. On 17 June 2010, defendant was at the home of his friends Philip Cagle ("Cagle"), Teresa Duncan ("Duncan"), and Duncan's daughter, Becky[1], when defendant decided to stay the night. At approximately 3:00 a.m., Becky woke up, got a drink from the kitchen, and returned to her bedroom. A few minutes later, defendant joined Becky in her room and watched television with her. Defendant got on Becky's bed, positioned himself behind her, pulled down Becky's shorts, and vaginally penetrated her with his penis. Becky told defendant to stop, and he did. Defendant then left the bedroom. Approximately one week later, Becky told her mother about the incident, and Becky's mother told Cagle.

On 23 June 2010, Cagle invited defendant to his house. When defendant arrived, Cagle physically assaulted defendant while wearing brass knuckles. Injured, defendant returned to his home where he smoked some marijuana and took some sleeping pills. At approximately 11:00 p.m., someone called the Moore County Sheriff's Department about the incident, and Detective Donald Shingleton ("Detective Shingleton") drove to Cagle's home. Becky told the detective that defendant had sexually assaulted her on the 17th of June, and Cagle admitted to the detective that he had beaten defendant. Detective Shingleton collected evidence including Becky's bed comforter and the clothing she was wearing on the 17th of June.

---

1. "Teresa Duncan" and "Becky" are pseudonyms used to protect the identity of the minor victim.

The detective obtained an arrest warrant for defendant, arrested defendant at his home, and took him to the sheriff's department. There, defendant waived his *Miranda* rights and cooperated with the questioning by Detective Shingleton. After approximately 15 minutes, defendant signed a written statement about the events on 17th and 18th of June in which he admitted that he had vaginally penetrated Becky.

Defendant was indicted on 20 September 2010 for (1) statutory rape of a child 13, 14, or 15 years old, (2) taking indecent liberties with a minor, and (3) sexual battery. A grand jury issued a superseding indictment for the three charges on 2 May 2011; the new indictment changed the date of the offense to "on or about" 17 or 18 June 2010 and changed the name of the grand jury witness. On 27 November 2010, defendant filed a motion to suppress the written statement he provided to Detective Shingleton. The motion was heard on 27 February 2012 in Moore County Superior Court, Judge Anderson Cromer presiding. At the conclusion of the hearing, Judge Cromer orally denied the motion, and the case proceeded to a jury trial the next day. The jury returned verdicts of guilty as to the charges of statutory rape of a 15-year-old girl and indecent liberties with a child, but it acquitted defendant of sexual battery. The trial court consolidated the two convictions and sentenced defendant to 180-225 months imprisonment. Defendant appeals.

## A. Motion to Suppress

**[1]** Defendant first argues that the trial court erred by failing to set out written findings of fact and conclusions of law in denying his motion to suppress. Defendant contends that there was a material conflict in the evidence as to whether he voluntarily waived his *Miranda* rights and voluntarily provided his written statement regarding the events of 17 and 18 June 2010. This conflict, he argues, required the trial court to enter a written order when ruling on his motion to suppress.

N.C. Gen. Stat. § 15A-977(f) (2011) provides that when a trial court rules on a motion to suppress, "[t]he judge must set forth in the record his findings of facts and conclusions of law." We have interpreted this statute "as mandating a written order unless (1) the trial court provides its rationale from the bench, and (2) there are no material conflicts in the evidence at the suppression hearing." *State v. Williams*, 195 N.C. App. 554, 555, 673 S.E.2d 394, 395 (2009).

STATE v. MORGAN

[225 N.C. App. 784 (2013)]

[W]hen a trial court's failure to make findings of fact and conclusions of law is assigned as error, the appropriate standard of review on appeal is as follows: The trial court's ruling on the motion to suppress is fully reviewable for a determination as to whether the two criteria set forth in *Williams* have been met[.]

*State v. Baker*, 208 N.C. App. 376, 381, 702 S.E.2d 825, 829 (2010) (citing *Williams*, 195 N.C. App. at 555, 673 S.E.2d at 395). "If a reviewing court concludes that both criteria are met, then the findings of fact are implied by the trial court's denial of the motion to suppress[.]" *Id.* "If a reviewing court concludes that either of the criteria is not met, then a trial court's failure to make findings of fact, contrary to the mandate of section 15A–977(f), is fatal to the validity of its ruling and constitutes reversible error." *Id.* at 381-82, 702 S.E.2d at 829.

In *State v. Neal*, ___ N.C. App. ___, ___, 709 S.E.2d 463, 468 (2011), we concluded that a material conflict in the evidence required the trial court to enter a written order resolving the conflict. The trial court announced, from the bench, its rationale for its denial of the defendant's motion. *Id.* at ___, 709 S.E.2d at 468. The trial court's oral findings addressed the defendant's contention that the arresting officer promised to "strike" a charge of trespass if he would provide a statement to the police and consent to a search of his house. *Id.* at ___, 709 S.E.2d at 466. Despite the fact that the trial court addressed this evidence in its oral findings, we concluded that because there was a material conflict in the evidence, *Williams* "necessitated a written order with findings of fact resolving the conflict." *Neal*, ___ N.C. App. at ___, 709 S.E.2d at 470.

In the recent decision of *State v. Oates*, ___ N.C. ___, ___, 732 S.E.2d 571, 574 (2012), the Supreme Court of North Carolina addressed the timeliness of the State's appeal from the trial court's grant of a motion to suppress pursuant to N.C. Gen. Stat. § 15A-977(f). Regarding the necessity of a written order, the Supreme Court stated:

[A] judge ruling on a suppression motion that is not determined summarily is required to "set forth in the record his findings of facts and conclusions of law." N.C.G.S. § 15A–977(f) (2011). While a written determination is the best practice, nevertheless the statute does not require that these findings and conclusions be in writing.

*Id.* The holding in *Oates* was related to "the window for the filing of a written notice of appeal in a criminal case" pursuant to Rule 4 of the North Carolina Rules of Appellate Procedure and N.C. Gen. Stat. § 15A–1448. *Id.* While we conclude the Court's comments on section 15A-977(f) were not necessary to the Court's holding in Oates, we do not find the Court's comments to contradict our analysis of the statute under *Williams* or *Neal*—that a written order is necessary *unless* the court announces its rationale from the bench and there are no material conflicts in the evidence.

Here, the State contends that it is clear from the transcript that the trial court provided its rationale for denying defendant's motion to suppress. Indeed, the trial court acknowledged that there was evidence that defendant had sustained physical injuries in an assault and ingested controlled substances prior to his interrogation, but concluded that neither of these factors rendered defendant's written statement involuntary. The trial court did not, however, address whether plaintiff's waiver of his *Miranda* rights and the signed statement had been obtained in exchange for a promise of leniency.

"[A] material conflict in the evidence exists when evidence presented by one party controverts evidence presented by an opposing party such that the outcome of the matter to be decided is likely to be affected." *Baker*, 208 N.C. App. at 384, 702 S.E.2d at 831. In ruling on defendant's motion to suppress, the voluntariness of defendant's waiver of his *Miranda* rights and of his written statement was central to the outcome of the motion. The Supreme Court of North Carolina has recognized that promises of leniency and a defendant's intoxication are factors to be considered in determining voluntariness of a defendant's statements. *See State v. Pruitt*, 286 N.C. 442, 458, 212 S.E.2d 92, 102-03 (1975) (concluding the defendant's confession was involuntary where the interrogating police officers' statements created in the defendant "fear or hope, or both" when the officers implied that "things would be better for defendant if he would cooperate, *i.e.*, confess"); *State v. McKoy*, 323 N.C. 1, 22, 372 S.E.2d 12, 23 (1988) ("While intoxication is a circumstance critical to the issue of voluntariness, intoxication at the time of a confession does not necessarily render it involuntary. It is simply a factor to be considered in determining voluntariness." (citation omitted)), *sentence vacated on other grounds*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990).

Defendant testified that he did not recall signing the confession. He could only recall signing what he thought was a waiver of his *Miranda* rights, and that he signed the waiver because Detective

Shingleton indicated he could help defendant get probation. The detective denied making any promises to defendant. Defendant also testified that he was in a "good amount of pain" and was "highly under the influence" of the controlled substances he had ingested. Detective Shingleton testified that defendant did not appear to be under the influence of any "impairing-type substance" during the interrogation.

This testimony presented a conflict in the evidence which was likely to affect the outcome of the motion to suppress. Thus, the conflict was a material conflict as contemplated by N.C. Gen. Stat. § 15A-977(f). Accordingly, the trial court was required to enter a written order of its findings and conclusions of law. As it failed to do so, we must remand for entry of a written order on defendant's motion to suppress with additional findings and conclusions of law addressing the material conflicts in the evidence. *See Neal*, ___ N.C. App. at ___, 709 S.E.2d at 470 (concluding "the trial court's failure to make written findings does not require remand for a new trial, but remand for further findings of fact" and conclusions of law to resolve material conflicts in the evidence).

### B. Indictment for Statutory Rape

[2] Defendant next argues that the trial court lacked jurisdiction to enter judgment on the charge of statutory rape because the superseding indictment did not satisfy the requirements of N.C. Gen. Stat. § 15-144.1, the statute that authorizes short-form indictments for rape, or N.C. Gen. Stat. § 14-27.7A(a), the statute providing the elements of statutory rape of a child 13, 14, or 15 years old. We disagree.

"A facially invalid indictment deprives the trial court of jurisdiction to enter judgment in a criminal case." *State v. Haddock*, 191 N.C. App. 474, 476, 664 S.E.2d 339, 342 (2008). "An indictment is not facially invalid as long as it notifies an accused of the charges against him sufficiently to allow him to prepare an adequate defense and to protect him from double jeopardy." *Id.* at 477, 664 S.E.2d at 342. Additionally, "[n]otification is sufficient if the illegal act or omission alleged in the indictment is 'clearly set forth so that a person of common understanding may know what is intended.' " *Id.* (quoting *State v. Coker*, 312 N.C. 432, 435, 323 S.E.2d 343, 346 (1984)).

Here, the textual description of the statutory rape charge provided in the superseding indictment stated that defendant "unlawfully, willfully and feloniously did carnally know and abuse" Becky, "a child of the age of 13, 14 or 15 years," and that defendant was "at least

six years older" than Becky. The statute cited in the indictment for this charge was N.C. Gen. Stat. § 14-27.7A(a), which states:

> A defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person.

Defendant contends that because the indictment did not contain the words "vaginal intercourse" as provided in section 14-27.7A, it omitted an essential element of the crime, thus invalidating the indictment. *See State v. Bartley*, 156 N.C. App. 490, 499, 577 S.E.2d 319, 324 (2003) ("[A]n indictment is fatally defective when the indictment fails on the face of the record to charge an essential element of the offense."). Defendant concedes, however, that at common law "carnal knowledge" and "sexual intercourse" are synonymous. *See State v. Locklear*, 304 N.C. 534, 539, 284 S.E.2d 500, 503 (1981). "There is 'carnal knowledge' or 'sexual intercourse' in a legal sense if there is the slightest penetration of the sexual organ of the female by the sexual organ of the male." *State v. Bowman*, 232 N.C. 374, 375-76, 61 S.E.2d 107, 108 (1950). As the indictment alleged that defendant did "carnally know" Becky, a person of common understanding would know that the indictment alleged an act of vaginal intercourse. Therefore, we find that the indictment alleged all material elements of the crime charged.

[3] As to the indictment's alleged insufficiency in regard to N.C. Gen. Stat. § 15-144.1, defendant contends that the superseding indictment was fatally defective because it did not contain the statutory language "by force and against her will[.]" N.C. Gen. Stat. §.15-144.1(a). We conclude, however, that section 15-144.1 does not apply in this case as the statute's subsections do not address an indictment for the statutory rape of a child 13, 14, or 15 years old. *See* N.C. Gen. Stat. § 15-144.1(a) (providing the essential elements for an indictment for forcible rape); N.C. Gen. Stat. § 15-144.1(b) (providing the essential elements for an indictment for rape of a female child under the age of 13); N.C. Gen. Stat § 15-144.1(c) (providing the essential elements for an indictment on rape of a person who is mentally disabled, mentally incapacitated, or physically helpless).[2]

---

2. Because N.C. Gen. Stat. § 15-144.1 provides the essential elements for statutory rape of a female under 13, we suggest that the General Assembly consider whether it intended the statute to omit the elements for statutory rape of a female 13, 14, or 15 years old.

The indictment in this case was sufficient because it alleged all material elements of section 14-27.7A. Thus, the superseding indictment was not defective, and it provided defendant with sufficient notice of the crimes with which he was charged such that he could prepare an adequate defense.

### Conclusion

We find no error in the indictment and conclude that the trial court had jurisdiction to enter its judgment. We remand for the trial court to enter written findings of fact and conclusions of law for its ruling on defendant's motion to suppress.

No Error in part; Remanded.

Judges McGEE and ELMORE concur.