STATE v. BARTLETT

[231 N.C. App. 417 (2013)]

———————————

STATE OF NORTH CAROLINA
v.
RANDY BENJAMIN BARTLETT

No. COA13-471

Filed 17 December 2013

**Judges—hearing by one judge—written order by second**

Although the State contended that a second superior court judge did not have the authority to enter a written order granting defendant's motion to suppress because the hearing had been held earlier before a different judge, the order granting defendant's motion to suppress was effectively entered in open court by the first judge and the written order was unnecessary. The evidence in the case was not materially conflicting and the first judge supplied the rationale for his ruling from the bench.

Appeal by the State from order entered 22 February 2013 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 24 September 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Joseph L. Hyde, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender David W. Andrews, for Defendant.*

DILLON, Judge.

The State appeals from the trial court's order granting Defendant's motion to suppress, contending the Honorable Orlando Hudson did not have the authority to sign the order entered on 13 February 2013, because the hearing was before the Honorable Abraham Jones on 18 December 2012. Because Judge Jones' ruling from the bench on 18 December 2012 was sufficient, in this case, to enter the trial court's order allowing Defendant's motion to suppress, we conclude the State's argument is without merit.

The evidence of record tends to show the following: On 25 March 2011 at approximately 1:00 A.M., Officer Howard Henry of the Durham County Police Department saw Randy Benjamin Bartlett ("Defendant") allegedly speeding on I-40. Officer Henry believed he was "racing" or attempting to race a Corvette. Officer Henry estimated that Defendant was driving 80 mph in a 65 mph zone. Officer Henry pulled Defendant and, upon approaching the driver's side of the vehicle, detected a strong odor of alcohol. Defendant's wife, Ms. Jamie Jones, was a passenger in the vehicle. When Officer Henry asked Defendant if he had been drinking, Defendant replied that he had had two beers. After performing a series of field sobriety tests, Officer Henry arrested Defendant for speeding and driving while impaired.

On 17 February 2012, Defendant filed a motion to suppress the evidence gathered after his arrest based on the lack of probable cause to arrest Defendant. A probable cause hearing was held before Judge Jones on 18 December 2012. Officer Henry, Ms. Jones, and Mr. Julian Douglas Scott ("Mr. Scott") testified at the hearing.

Officer Henry testified that he executed a series of field sobriety tests to determine that probable cause existed to arrest Defendant on the basis of driving while impaired. First, Officer Henry performed the Horizontal Gaze Nystagmus ("HGN") field sobriety test, and he stated that "[t]he first part of the HGN is to check his pupils to make sure that they're of normal size, which his were." Officer Henry stated, however, that Defendant's eyes lacked "smooth pursuit," and Defendant had "sustained nystagmus at a maximum deviation in both eyes." Defendant did not exhibit "the onset of nystagmus prior to 45 degrees[.]" Officer Henry also executed the "walk and turn" field sobriety test, which Officer Henry admitted, "he was able to do" it. In the next portion of the field sobriety test, Defendant was asked to take nine steps, heal to toe, on an imaginary line, then turn around and take nine additional steps on the same imaginary line. Defendant stepped off the imaginary line once. Defendant was also asked to perform "the one-leg stand" field sobriety test, which entailed "rais[ing] the foot . . . six inches from the

ground, keeping the foot parallel to the ground and the leg straight, and then keeping his hands down to his side[,]" while he was "to count one thousand one, one thousand two, and to keep counting until [Officer Henry told] him to stop." Defendant passed this test. Lastly, Defendant was asked to do a "preliminary breath test," which Officer Henry performed twice, and which gave a positive result both times, indicating that Defendant had some alcohol in his system.

Mr. Scott was qualified as an expert[1] at the hearing in this matter and testified for Defendant that, on the undisputed evidence presented concerning this particular stop, he would not have "been comfortable" making the arrest.

At the end of the hearing, Judge Jones stated, "I may be wrong, but I think the guy substantially passed the test. . . . So on the basis of that, I'll grant the motion. You draw up the order, get it to me."

Subsequently, Judge Hudson signed an order drafted by the parties, making findings of fact and conclusions of law based on the evidence presented at the hearing before Judge Jones, and granting Defendant's motion to suppress. From this written order, the State appeals.

### I: Authority of Superior Court Judges

In the State's sole argument on appeal, it contends Judge Hudson had no authority to sign the order prepared for Judge Jones, based upon evidence presented at a hearing before Judge Jones. We find it unnecessary to reach this question.

N.C. Gen. Stat. § 15A-977(f) (2011), requires that "[t]he judge must set forth in the record his findings of facts and conclusions of law." *Id.* However, N.C. Gen. Stat. § 15A-977(f), has been interpreted as "mandating a written order unless (1) the trial court provides its rationale from the bench, and (2) there are no material conflicts in the evidence at the suppression hearing." *State v. Williams*, 195 N.C. App. 554, 555, 673 S.E.2d 394, 395 (2009) (citation omitted). "If these two criteria are met, the necessary findings of fact are implied from the denial of the motion to suppress." *Id.*

---

1. Mr. Scott had formerly been employed as a police officer and had taken the "standardized field sobriety testing student course" and the "detection and standardized field sobriety testing instructor training course." He had also completed his certification requirements and become "the first drug recognition expert in North Carolina." He then founded the State's "drug recognition expert training program" and coordinated the program for three years.

**STATE v. BARTLETT**

[231 N.C. App. 417 (2013)]

"[A] material conflict in the evidence exists when evidence presented by one party controverts evidence presented by an opposing party such that the outcome of the matter to be decided is likely to be affected." *State v. Morgan*, __ N.C. App. __, __, 741 S.E.2d 422, 425 (2013).

In this case, there was no material conflict in the evidence presented at the suppression hearing. Officer Henry was the only witness who supplied testimony concerning Defendant's performance in the field sobriety tests. *Compare, Morgan*, __ N.C. App. at __, 741 S.E.2d at 426 (stating that the defendant and the detective's recitations of the facts were contradictory, and concluding that there was a material conflict in the evidence, when the defendant stated, but the detective denied, that the detective "indicated he could help defendant get probation" if the defendant signed a waiver, and when the defendant also stated that he was " 'highly under the influence' of the controlled substances" but the detective opined that the "defendant did not appear to be under the influence of any 'impairing-type substance' "); *State v. Williams*, __ N.C. App. __, __, 715 S.E.2d 553, 558 (2011) (holding that, under the circumstances, even though the defendant's testimony conflicted with the detective's testimony, the conflict was not material, because the conflict was not "such that the outcome of the matter to be decided [was] likely to be affected").

In the present case, there were differing *opinions* regarding whether the evidence presented by Officer Henry concerning Defendant's performance during the field sobriety tests supported Officer Henry's decision that there was probable cause to believe that Defendant was appreciably impaired. However, the actual evidence concerning Defendant's performance in the field sobriety tests was undisputed. For this reason – because the evidence in this case was not materially conflicting and because Judge Jones supplied the rationale for his ruling from the bench – we conclude that the order granting Defendant's motion to suppress was effectively entered on 18 December 2012 in open court. Therefore, Judge Hudson's 22 February 2013 written order, containing findings of facts and conclusions of law based on the evidence received at the 18 December 2012 hearing, was unnecessary. *State v. Oates*, 366 N.C. 264, 268, 732 S.E.2d 571, 574 (2012) (stating that "[w]hile a written determination is the best practice, nevertheless the statute does not require that these findings and conclusions be in writing") (citing *State v. Horner*, 310 N.C. 274, 279, 311 S.E.2d 281, 285 (1984)).

AFFIRMED.

Judge McGEE and Judge McCULLOUGH concur.