STATE v. BURROW

[218 N.C. App. 373 (2012)]

No. COA11-773

(Filed 7 February 2012)

**1. Evidence—SBI report—testimony regarding report—non-testifying analyst—plain error**

The trial court committed plain error in a trafficking in oxycodone case by admitting into evidence a State Bureau of Investigation (SBI) report detailing the chemical analysis of pills discovered in defendant's pocket when the SBI analyst who put together the report did not testify at trial. Further, the trial court committed plain error in allowing a police detective to read the contents of the report during his testimony when he did not participate in the analysis in any way.

**2. Drugs—trafficking in oxycodone—sufficient evidence— competent and incompetent evidence considered**

> The trial court did not err by denying defendant's motion to dismiss the charge of trafficking in oxycodone. Although it was error for the trial court to admit a State Bureau of Investigation report and testimony concerning the results of the report into evidence, the trial court must consider both competent and incompetent evidence when ruling on a motion to dismiss. The State presented sufficient evidence of each essential element of the offense charged, or of a lesser offense included therein, and of defendant's being the perpetrator of such offense.

Appeal by Defendant from judgment entered 24 February 2011 by Judge Beverly T. Beal in Lincoln County Superior Court. Heard in the Court of Appeals 16 November 2011.

> *Attorney General Roy Cooper, by Assistant Attorney General Barry H. Bloch, for the State.*

> *James N. Freeman, Jr., for Defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Jonathan Lynn Burrow ("Defendant") appeals from a jury verdict finding him guilty of trafficking in oxycodone. Defendant argues the trial court violated his Sixth Amendment right of confrontation by allowing into evidence a non-testifying analyst's forensic analysis report (the "SBI report") and testimony of a detective regarding the results of the SBI report. Defendant also argues the trial court erred by denying his motion to dismiss for lack of substantial evidence to support the charges. We disagree that the trial court erred in denying Defendant's motion to dismiss. However, we agree the trial court erred by allowing the SBI report and testimony regarding the results of the report into evidence. Therefore, we grant Defendant a new trial.

## I. Factual & Procedural Background

On 11 January 2010, a Lincoln County grand jury indicted Defendant for trafficking opium or heroin. Defendant was tried during the 21 February 2011 criminal session of the Lincoln County Superior Court before the Honorable Beverly T. Beal. The State's evidence tended to show the following. On 2 December 2009, Patrol Sergeant Spencer Sumner of the Lincolnton police department responded to a call between 11:00 p.m. and 11:30 p.m. to investigate a car parked in

the "Cheers and Wings" restaurant parking lot on North Aspen Street in Lincolnton. Sergeant Sumner parked his patrol car and walked up to the car. He found Defendant in the driver's seat, one female in the front passenger seat, and another female in the back seat.

Defendant consented to a search of his vehicle, and Sergeant Sumner found a pill grinder between the driver's seat and the front passenger seat. Defendant told the Sergeant he had a prescription for hydrocodone and used the pill grinder to grind the pills because he could not swallow them whole. While the Sergeant completed the search of the vehicle, other officers conducted a pat down search of Defendant and the two females. A prescription pill bottle with the name "Michael Burrow" was found in Defendant's pocket. Defendant indicated Michael Burrow was his brother and that they lived together. Twenty-four pills were in the bottle, and Defendant and the bottle's label indicated the pills were Endocet (the brand name version of oxycodone). Defendant told Sergeant Sumner he had a prescription for hydrocodone, and the Sergeant told Defendant he would give him the pills back if Defendant brought him the prescription. Defendant did not produce a prescription. Sergeant Sumner confirmed that Michael Burrow was never interviewed before Defendant was charged for having his pills in another person's bottle. Sergeant Sumner also confirmed there was no evidence the pills were going to be sold.

Detective Jason Munday of the Lincolnton police department called poison control, described the pills, and sent them to the SBI lab for testing. The State introduced the SBI report into evidence as "State's Exhibit 5" during Detective Munday's testimony, although the analysis on the pills was conducted by Brad Casanova. Detective Munday testified the report identified the pills as containing oxycodone and weighing 10.7 grams. The exhibit was published to the jury. Neither Mr. Casanova nor any analyst testified at trial.

At the close of the State's evidence and after stating he would present no evidence, Defendant moved to dismiss the charge due to lack of sufficient evidence. The trial court denied both motions. The jury convicted Defendant of trafficking in oxycodone on 24 February 2011. The trial court sentenced Defendant to a term of imprisonment of 70 to 84 months with a 108 day pre-trial confinement credit and fined him $50,000. Defendant gave oral notice of appeal in open court.

## II. Jurisdiction & Standards of Review

As Defendant appeals from the final judgment of a superior court, an appeal lies of right with this court pursuant to N.C. Gen. Stat. § 7A-27(b) (2011).

If Defendant shows that error has occurred, this Court's review of the issue is limited to plain error because Defendant made no objections at trial regarding the admission of the forensic report or the detective's testimony regarding the report. *See* N.C. R. App. P. 10(a)(4). Plain error

> is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the . . . mistake had a probable impact on the jury's finding that the defendant was guilty.

*State v. Flaugher*, ___ N.C. App. ___, ___, 713 S.E.2d 576, 582-83 (2011) (citation and quotation marks omitted).

"This Court reviews the trial court's denial of a motion to dismiss de novo." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

## III. Analysis

[1] The first question in the plain error analysis is whether the trial court committed any error at all. *State v. Ellison*, ___ N.C. App. ___, ___, 713 S.E.2d 228, 234 (2011). Defendant argues it was error for the trial court to admit the SBI report into evidence as Brad Casanova, the SBI analyst who put together the report, did not testify at trial in violation of Defendant's confrontation right under the Sixth Amendment. Defendant also argues it was error to allow Detective Munday to read the contents of the report during his testimony when he did not participate in the analysis in any way. We agree.

"The Confrontation Clause of the Sixth Amendment bars admission of testimonial evidence unless the declarant is unavailable to tes-

tify and the accused has had a prior opportunity to cross-examine the declarant." *State v. Locklear*, 363 N.C. 438, 452, 681 S.E.2d 293, 304 (2009) (citing *Crawford v. Washington*, 541 U.S. 36, 68, 158 L. Ed. 2d 177, 203 (2004)). The U.S. Supreme Court has recently applied the holding in *Crawford* to documents or reports that the government seeks to enter into evidence that are "testimonial" in nature, holding that "[t]he Sixth Amendment does not permit the prosecution to prove its case via ex parte out-of-court affidavits, and the admission of such evidence [is] error." *Melendez-Diaz v. Massachusetts*, 557 U.S. ____, ____, 174 L. Ed. 2d 314, 332 (2009).

This Court has developed a four part test to apply the rules laid out by *Locklear and Melendez-Diaz*:

> (1) determine whether the document at issue was testimonial, (2) if the document was testimonial, ascertain whether the declarant was unavailable at trial and defendant was given a prior opportunity to cross-examine the declarant, (3) if the defendant was not afforded the opportunity to cross-examine the unavailable declarant, decide whether the testifying expert was offering an independent opinion or merely summarizing another non-testifying expert's report or analysis, and (4) if the testifying expert summarized another non-testifying expert's report or analysis, determine whether the admission of the document through another testifying expert was reversible error.

*State v. Brewington*, ____ N.C. App. ___, ___, 693 S.E.2d 182, 189 (2010). In this case, the law is clear that the report admitted into evidence and referred to by Detective Munday was testimonial in nature. *Melendez-Diaz*, 557 U.S. at ___, 174 L. Ed. 2d at 321 (testimonial evidence includes " 'statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial' " (citation omitted)). There is also nothing to indicate Mr. Casanova, the analyst who prepared the report, was unavailable at trial or that Defendant had a prior opportunity to cross-examine Mr. Casanova. Therefore, we hold the report was inadmissible testimonial evidence.

We next determine whether Detective Munday's testimony regarding the report was an independent expert opinion or merely a summation of inadmissible testimonial evidence. Detective Munday was not qualified as an expert regarding the analysis, and he did not participate in the analysis in any way. He testified that he sent the pills to SBI for analysis and received the results in the report. The

court admitted the report into evidence without any objection from Defendant. Detective Munday then read directly from the report, stating, "It says, results of examination Item 1, oxycodone-Schedule II; weight 10.7 grams[,]" and the report was published to the jury. Because Detective Munday merely summarized inadmissible testimonial evidence and had no independent expert opinion to offer, we hold it was error to allow Detective Munday to testify concerning the composition of the confiscated substance at issue in this case.

We now turn to the question of whether this error constitutes plain error requiring reversal. Under plain error, a defendant must show " 'not only that there was error, but that absent the error, the jury probably would have reached a different result.' " *Ellison*, ___ N.C. App. at ___, 713 S.E.2d at 234 (citation omitted). "Accordingly, [the] defendant must show that absent the erroneous admission of the challenged evidence, the jury probably would not have reached its verdict of guilty." *State v. Cunningham*, 188 N.C. App. 832, 835, 656 S.E.2d 697, 699-700 (2008).

Besides the inadmissible SBI report and the testimony regarding it, the only other evidence offered by the State concerning the composition of the pills was Sergeant Sumner's testimony that Defendant claimed the pills were his hydrocodone pills, that he had a prescription for them, and that he grinded them up because he could not swallow them. Additionally, in response to defense counsel's question regarding whether the ingredients on the pill bottle matched what the SBI lab determined was in the bottle, Detective Munday responded, "Yes. They said it was oxycodone." However, such "identifying" statements by the defendant and police officers are insufficient to show what a substance is; the State must present evidence of the chemical makeup of the substance at issue. *See State v. Williams*, ___ N.C. App. ___, ___, 702 S.E.2d 233, 238 (2010) (where, despite the officers' credentials and experience, the testimony of the officers and the defendant identifying the substance at issue as cocaine was not sufficient to show the substance the defendant possessed was actually cocaine). " '[E]xisting precedent suggests that controlled substances defined in terms of their chemical composition can only be identified through the use of a chemical analysis rather than through the use of lay testimony based on visual inspection.' " *State v. Meadows*, 201 N.C. App. 707, 712-13, 687 S.E.2d 305, 309 (quoting *State v. Ward*, 199 N.C. App. 1, 26, 681 S.E.2d 354, 371 (2009), *aff'd*, 364 N.C. 133, 694 S.E.2d 738 (2010)), *cert. denied*, 364 N.C. 245, 699 S.E.2d 640 (2010).

STATE v. BURROW

[218 N.C. App. 373 (2012)]

We note our Supreme Court's decision in *State v. Nabors*, ___ N.C. ___, ___, 718 S.E.2d 623, ___ (2011), permitted testimony of the defendant's lay witness that the substance at issue was "cocaine" as sufficient evidence to identify the controlled substance as cocaine. However, we find this case distinguishable from the case at hand because, here, Defendant *incorrectly* identified the pills as "hydrocodone" and not "oxycodone." No witness, not even a lay witness, correctly identified the pills in this case. Detective Munday's testimony regarding the pills was based solely on the inadmissible SBI report and was thus also insufficient to identify the substance at issue as oxycodone beyond a reasonable doubt. Although "it might be permissible" for an officer to render a lay opinion as to a substance with a "distinctive color, texture, and appearance[,]" it is not appropriate for an officer to render an opinion regarding a non-descript substance. *State v. Llamas-Hernandez*, 189 N.C. App. 640, 654, 659 S.E.2d 79, 87 (2008) (Steelman, J., concurring in part and dissenting in part) (where it was impermissible for an officer with extensive training in the field of narcotics to render an opinion that a non-descript white powdery substance was crack cocaine), *rev'd and dissent adopted*, 363 N.C. 8, 673 S.E.2d 658 (2009).

Here, Detective Munday did not testify based on his own experience and training as a narcotics officer as to what he believed the substance to be. Even if he had testified, a review of the briefs, record, and transcript shows there is no evidence presented that the pills had a distinctive color, texture, or appearance that would permit such testimony. Absent the erroneous admission of the SBI report and testimony regarding the report, no chemical analysis evidence was presented to the jury to show the pills were oxycodone. Without such evidence, we hold a jury could not have convicted Defendant of trafficking in oxycodone. Therefore, we hold the error of admitting the SBI report and testimony regarding it to be plain error.

We note the dissent believes the response of Detective Munday elicited by Defendant that "They said it was oxycodone" is sufficient to prevent the erroneous admission of the SBI report evidence to be classified as plain error. The dissent refers to *State v. Nobles*, 350 N.C. 483, 515 S.E.2d 885 (1999), *State v. Johnson*, 337 N.C. 212, 446 S.E.2d 92 (1994), and *State v. Van Landingham*, 283 N.C. 589, 197 S.E.2d 539 (1973), for support for the proposition that "even where a defendant objected to the admission of *inadmissible* evidence, defendant was not prejudiced by the admission because he brought forth the same evidence on cross-examination." However, each of these cases is distinguishable from the situation at hand.

In *Nobles*, the defendant, charged with murder, argued the trial court erred by allowing allegations for and the contents of a warrant into evidence, though he did not properly object to this evidence at trial. 350 N.C. at 500, 515 S.E.2d at 896. Our Supreme Court agreed that warrant evidence is generally considered inadmissible hearsay but did not grant the defendant a new trial because the defendant elicited information regarding the assault, the defendant testified on both direct and cross-examination regarding the assault, and another witness testified "at length" about the assault without objection. *Id.* at 501, 515 S.E.2d at 896. The Court noted that the " 'admission of evidence without objection waive[d] prior or subsequent objection to the admission of evidence of a similar character.' " *Id.* (citation omitted).

In *Johnson*, the defendant, charged with murder, burglary, kidnapping, robbery, and conspiracy, argued the trial court erred in admitting evidence of prior bad acts. 337 N.C. at 222, 446 S.E.2d at 98. Our Supreme Court ruled that the error was not prejudicial because the defendant had elicited the same evidence from another witness and because the "defendant [ ] failed to show any reasonable possibility that the jury would have reached a different result." *Id.* at 223, 446 S.E.2d at 99.

In *Van Landingham*, the defendant, charged with murder, argued the trial court erred by admitting an officer's testimony regarding what the victim told him. 283 N.C. at 602, 197 S.E.2d at 548. Our Supreme Court ruled that the statements were inadmissible hearsay statements and that the trial court erred. *Id.* at 603, 197 S.E.2d at 548. However, the Court ruled the error was cured when similar testimony was admitted thereafter without objection. *Id.* The Court noted, "The well established rule in this State is that 'when incompetent evidence is admitted over objection, but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily lost." *Id.* (citation omitted). However, "[This] does not mean that the adverse party may not, on cross-examination, explain the evidence, or destroy its probative value, or even contradict it with other evidence upon peril of losing the benefit of his exception." *Id.* (quotation marks and citation omitted).

Here, Defendant, charged with trafficking opium or heroin, argues the trial court erred in admitting a non-testifying analyst's SBI report and the testimony of Detective Munday regarding the report into evidence. We and the dissent agree that such admission was error. We also hold the error constitutes plain error because, unlike in

*Nobles*, we have only one statement by Detective Munday that the substance at issue is oxycodone. Defendant did not testify, and no other witnesses testified even briefly regarding identification of the substance at issue. Unlike in *Johnson*, here, Defendant has not failed to show any reasonable possibility the jury would have reached a different result if the contested evidence had not been admitted. In fact, without the admission of the SBI report, we find it very likely the jury would have reached another result. And finally, though the *Van Landingham* Court emphasizes the rule that the erroneous admission of evidence is cured when similar testimony is admitted thereafter without objection, our Supreme Court expressly stated that this does not prevent the defendant from "explain[ing] the evidence." *Van Landingham*, 283 N.C. at 603, 197 S.E.2d at 548. Here, defense counsel simply asked Detective Munday if the ingredients on the pill bottle matched what the SBI lab determined was in the bottle. Defendant elicited no at length discussion regarding the identification of the substance as oxycodone and simply asked a clarifying question to explain the evidence. Thus, we find this case distinguishable from *Nobles*, *Johnson*, and *Van Landingham*. Moreover, none of these cases involves evidence admitted regarding the identification of a drug. Accordingly, they provide no guidance regarding whether Detective Munday's statement is competent evidence the State can use to prove its case. Therefore, we rely on established precedent that statements by a police officer are insufficient to identify a nondescript substance such as the one at issue in this case. We hold the trial court committed plain error by admitting the SBI report evidence and testimony concerning the report.

[2] Defendant also argues the trial court erred when it denied Defendant's motion to dismiss because the evidence, taken in the light most favorable to the State, was insufficient as a matter of law to convict him. "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light

most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

Here, there was substantial evidence that a reasonable mind might accept as adequate to support that Defendant committed the charged offenses. Taking the evidence in the light most favorable to the State, the evidence shows that Defendant told Sergeant Sumner he used the pill grinder found between the driver's seat and the front passenger seat to grind his hydrocodone pills. A prescription pill bottle containing 24 pills and labeled Endocet (the brand name version of oxycodone) was found in Defendant's pocket. The SBI report confirmed the pills were oxycodone, and Detective Munday testified to the SBI report's results. Although it was error for the trial court to admit the SBI report and testimony concerning the results of the report into evidence as discussed above, the trial court must consider both competent *and* incompetent evidence when ruling on a motion to dismiss. Thus, we hold the trial court did not err in denying Defendant's motion to dismiss. Nevertheless, we grant Defendant a new trial due to the violation of his Sixth Amendment right to confrontation.

## IV. Conclusion

For the foregoing reasons, Defendant is deserving of a new trial.

New trial.

Judge GEER concurs.

Judge HUNTER, Robert C., dissents in a separate opinion.

HUNTER, Robert C., Judge, dissenting

I agree with the majority that admission of the SBI report and Detective Munday's regurgitation of the contents of that report were erroneously admitted when presented by the State. However, because defendant elicited substantially the same information during cross-examination of Detective Munday, which established that the SBI identified the substance at issue as oxycodone, defendant has failed to establish plain error. Consequently, I respectfully dissent from the majority opinion.

Defendant did not object to admission of the State's evidence and now contends plain error occurred. Plain error arises when the error is " 'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]' " *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d. 513 (1982)).

The general rule established by our caselaw is that "[w]here evidence is admitted over objection, and the same evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost." *State v. Whitley*, 311 N.C. 656, 661, 319 S.E.2d 584, 588 (1984). Our Supreme Court has consistently held that even where a defendant objected to the admission of *inadmissible* evidence defendant was not prejudiced by the admission because he brought forth the same evidence on cross-examination. *See, e.g., State v. Nobles*, 350 N.C. 483, 501, 515 S.E.2d 885, 896 (1999) ("Even assuming *arguendo* that defendant has properly preserved this issue, he is still not entitled to a new trial. During cross-examination of [the State's witness], defendant elicited information regarding the assault . . . ."); *State v. Johnson*, 337 N.C. 212, 223, 446 S.E.2d 92, 99 (1994) ("Assuming arguendo that the court erred in reversing its ruling and admitting the evidence, the error could not have been prejudicial. Defendant had just elicited the same evidence from [the State's witness.]"); *State v. Van Landingham*, 283 N.C. 589, 603, 197 S.E.2d 539, 548 (1973) (holding that admission of an officer's testimony was error, but the error was "cured when testimony of like import was admitted" on cross-examination).

Here, defendant failed to object to the State's evidence concerning the SBI report and then proceeded to elicit the result of the SBI report from Detective Munday on cross-examination. Even though this evidence violated defendant's Confrontation Clause rights when admitted by the State, based on our caselaw, defendant has failed to demonstrate prejudicial error, much less plain error, such that a new trial is warranted. Because the jury was informed, through defendant's cross-examination, that the SBI determined that the pills in defendant's possession were oxycodone pills, we fail to see how the jury would have reached a different result.

I acknowledge that a defendant may question a witness along the same lines as the State without losing the benefit of his objection (had he made one), but only "for the purpose of impeaching his testimony or establishing its incompetency." *Van Landingham*, 283 N.C. at 604, 197 S.E.2d at 549. Here, it is clear that "the cross-examiner's

questions were general ones, propounded for the sole purpose of amplifying the information [Officer Munday] had given on direct examination." *Id.* Even if Officer Munday was simply "clarifying" a point for the jury, as the majority contends, that clarification reiterated the result of the SBI report. "[I]t is imperative that defendant decide at trial whether he wants the statement admitted or not." *State v. Stokes*, 319 N.C. 1, 15, 352 S.E.2d 653, 661 (1987). Not only did defendant fail to object to the result of the SBI report, he went on to clarify the result of that report for the jury.

In sum, because the result of the SBI report was elicited by defendant on cross-examination before the jury, defendant cannot establish plain error on appeal. I must, therefore, dissent from the majority opinion.