STATE v. BURROW

[227 N.C. App. 568 (2013)]

―――――――

STATE OF NORTH CAROLINA
v.
JONATHAN LYNN BURROW

NO. COA11-773-2

Filed 4 June 2013

**Process and Service—introduction of forensic report—statutory notice**

    A new trial was no longer necessary in an oxycodone trafficking prosecution where the record on remand to the Court of Appeals included a copy of a notice provided by the State that it intended to introduce a forensic analysis report. Defendant did not argue that he did not receive the report, but that the notice was defective because it did not contain proof of service or a file stamp. No such requirement exists in N.C.G.S. § 90-95(g) and the findings of the trial court, which is in the best position to judge whether notice was properly given, were not disrupted. N.C.G.S. § 90-95(g) comports with the requirements of *Melendez-Diaz v. Massachusetts*, 557 U.S. 305.

Appeal by defendant from judgment entered 24 February 2011 by Judge Beverly T. Beal in Lincoln County Superior Court. The case was originally heard before this Court 16 November 2011. *See State v. Burrow*, __ N.C. App. __, 721 S.E.2d 356 (2012). Upon remand by order of the North Carolina Supreme Court, filed 14 December 2012. *See State v. Burrow*, __ N.C. __, 736 S.E.2d 484 (2012).

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*James N. Freeman, Jr., for defendant-appellant.*

HUNTER JR., Robert N., Judge.

Jonathan Lynn Burrow ("Defendant") appealed from his convictions for trafficking in oxycodone. The case was originally heard before this Court 16 November 2011. *See State v. Burrow,* __ N.C. App. __, 721 S.E.2d 356 (2012). Defendant argued that the trial court (1) violated his Sixth Amendment right of confrontation by allowing into evidence a non-testifying analyst's forensic analysis report (the "SBI report") and testimony of a detective regarding the results of the SBI report and (2) erred by denying Defendant's motion to dismiss for lack of substantial evidence to support the charge.

This Court granted a new trial due to the violation of Defendant's Sixth Amendment right to confrontation. *Id.* at __, 721 S.E.2d at 362. The State filed a petition for writ of supersedeas with our Supreme Court, which was allowed. The State then filed a motion with our Supreme Court to amend the record, asking leave to include a copy of a notice provided under N.C. Gen. Stat. § 90-95 (2011) to Defendant by the State indicating its intent to introduce the SBI report. The existence of the notice was apparently not known to appellate counsel when this case was originally before this Court. Our Supreme Court allowed the motion to amend the record, vacated the 7 February 2012 decision of this Court, and remanded the matter to this Court for reconsideration in light of the amended record. *State v. Burrow,* __ N.C. __, 736 S.E.2d 484 (2012).

After review, we find no error. We adopt the facts and procedural background provided in *Burrow,* __ N.C. App. at ___, 721 S.E.2d at 357–58.

Section 90-95(g) of our General Statutes lays out a procedure by which the State can introduce a chemical analysis report regarding a controlled substance without the testimony of the analyst.

> Whenever matter is submitted to [an investigatory agency] for chemical analysis to determine if the matter is or contains a controlled substance, the report of that analysis certified to upon a form approved by the Attorney General by the person performing the analysis shall be admissible without further authentication and without the testimony

of the analyst in all proceedings . . . as evidence of the identity, nature, and quantity of the matter analyzed. Provided, however, the provisions of this subsection may be utilized by the State only if:

(1) The State notifies the defendant at least 15 business days before the proceeding at which the report would be used of its intention to introduce the report into evidence under this subsection and provides a copy of the report to the defendant, and

(2) The defendant fails to file a written objection with the court, with a copy to the State, at least five business days before the proceeding that the defendant objects to the introduction of the report into evidence.

N.C. Gen. Stat. § 90-95(g) (2011).

In the present case, the notice pursuant to Section 90-95(g) was not presented to this Court in the original appeal, but the record has been amended to include the notice. We thus evaluate whether the notice was effective under Section 90-95(g) to allow introduction of the SBI report.

The notice provided in the present case says that the State intended to introduce the SBI report and that a copy of the SBI report had been provided to Defendant with discovery material. The notice is dated 27 January 2011 and contains a stamp indicating it is "a true copy" from the superior court case file, but the notice does not have a file stamp. The notice also contains a handwritten notation that says "ORIGINAL FILED," "COPY FAXED," and "COPY PLACED IN ATTY'S BOX."

Defendant does not argue that he did not receive notice. Defendant instead argues that the notice is defective because it does not contain proof of service or a file stamp. Defendant advances a number of theories in his brief: (1) in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), notice and demand statutes cited from other states required filing and service of the notice, so such filing and proof of service of the notice must be required for due process; (2) the notice was not properly served under the Criminal Procedure Act; and (3) our Rules of Civil Procedure require certain methods of service which were not complied with in the present case.

Notice and demand statutes from other states are not binding on North Carolina courts. *See Morton Buildings, Inc. v. Tolson*, 172 N.C. App. 119, 127, 615 S.E.2d 906, 912 (2005) ("[W]hile decisions from other jurisdictions may be instructive, they are not binding on the courts of

this State."). To the extent that Defendant argues that such filing and service requirements are mandatory under *Melendez-Diaz*, we disagree. *Melendez-Diaz* provides that "[i]n their simplest form, notice-and-demand statutes require the prosecution to provide notice to the defendant of its intent to use an analyst's report as evidence at trial, after which the defendant is given a period of time in which he may object." 557 U.S. at 326. Section 90-95(g) of our General Statues requires the prosecution to provide notice to a defendant of its intent to use an analyst's report at least 15 business days prior to the proceeding and gives the defendant until 5 business days prior to the proceeding to object. N.C. Gen. Stat. § 90-95(g). This comports with the requirements in *Melendez-Diaz*. We will not read into *Melendez-Diaz* requirements for filing or service that are not stated in the opinion.

Defendant's reference to the Criminal Procedure Act only cites the service requirements for motions. *See* N.C. Gen. Stat. § 15A-951 (2011). The notice provided under Section 90-95(g) is not a motion, so the provisions cited by Defendant do not apply. The Rules of Civil Procedure cited by Defendant do not apply to criminal cases.

Defendant seems to argue that we should enforce service requirements from the above-referenced sources even though there are no such statutory requirements governing the notice in this case. We disagree. As long as the trial court finds that notice was provided in accordance with Section 90-95(g), we will not impose additional, non-statutory procedural hurdles to the validity of that notice.

The notice in the present case is dated 27 January 2011, which was more than 15 business days prior to the trial that was held during the 21 February 2011 criminal session of the Lincoln County Superior Court. The notice has a handwritten notation that says "ORIGINAL FILED," "COPY FAXED," and "COPY PLACED IN ATTY'S BOX." Defense counsel admitted at the trial that he had seen the SBI report and did not object to its introduction. During the trial, the trial judge commented that "notice on the use of the report was given, and the report came in absent an objection as required by the statute." The trial court was in the best position to judge whether notice was properly given. Defendant has not contended that notice was not given, but says the notice was defective because there is no evidence it was formally served and it does not contain a file stamp. As we have found no such requirements in the statute, we will not disrupt the trial court's finding that notice was given.

Because notice was given under N.C. Gen. Stat. § 90-95(g) that the State would introduce the SBI report without evidence from the analyst,

and because there was no objection by Defendant to the introduction of that report, a new trial is no longer appropriate. *See State v. Jones,* ___ N.C. App. ___, ___, 725 S.E.2d 910, 913 (2012) ("[T]he grounds on which this Court previously awarded a new trial are no longer applicable."). The chemical analysis constituted substantial evidence that the substance was a controlled substance and Defendant's motion to dismiss was properly denied.

NO ERROR.

Judges HUNTER, Robert C., and GEER concur.