IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-650

Filed 5 March 2025

Granville County, No. 19CRS28

STATE OF NORTH CAROLINA

v.

CYNTHIA ANNE DRISCOL FEARNS, Defendant.

Appeal by defendant from judgment entered 7 April 2022 by Judge John M. Dunlow in Superior Court, Granville County. Heard in the Court of Appeals 12 February 2024.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Derrick C. Mertz, for the State.*
>
> *Drew Nelson for defendant-appellant.*

STROUD, Judge.

Defendant appeals her conviction of embezzlement, contending the pre-accusation delay between the time the investigation started and the date she was charged violated her Fifth Amendment right to due process. Defendant also argues the trial court did not have authority to enter the Order denying her motion to dismiss under Rule 63 of the North Carolina Rules of Civil Procedure since the Order was not entered by the superior court judge who held the hearing and rendered a ruling at the hearing. The trial court did not hold a new hearing on Defendant's motions to dismiss but entered a written order including detailed findings of fact and conclusions

of law, purporting to rely upon Rule 63 of the Rules of Civil Procedure. Rule 63 of the Rules of Civil Procedure does not apply to criminal cases, so the trial court did not have authority to enter the order based on Rule 63. We have been unable to identify any legal basis for Judge Dunlow's authority to enter the Order on behalf of Judge Fox, so this matter must be remanded to the trial court for a new hearing and entry of a new order making appropriate findings of fact and conclusions of law. We vacate the trial court's Order denying Defendant's motion to dismiss and remand this matter to the trial court for re-hearing of Defendant's motion to dismiss.

## I. Background

On or about 9 June 2008, Lieutenant Cates with the Creedmoor Police Department received a report from attorney David Vesel that "an employee that was working for him had embezzled approximately $50,000 from some trust funds." The employee who allegedly embezzled from Mr. Vesel's law firm ("the Law Firm") was Defendant. Lieutenant Cates interviewed Defendant, who explained she recently filed a complaint with the North Carolina State Bar ("State Bar") regarding Mr. Vesel's trust accounting practices in the Law Firm. As Lieutenant Cates did not have adequate experience dealing with complex financial crimes, he requested help from the North Carolina State Bureau of Investigation ("SBI") and Agent Robin Todd took over the case in July 2008.

For a variety of reasons, including the retirement of the State Bar employee who was first in charge of the trust account investigation; the need to interview

Defendant, Mr. Vesel, and other individuals; the process of obtaining records from the State Bar; and the assignment of new prosecutors throughout the case, charges were not brought until 2019. Defendant was indicted for embezzlement on 22 January 2019, over ten years after the Creedmoor Police Department first received the report.

On or about 21 August 2019, Defendant filed a "Motion to Dismiss for Failure of the State to Timely Prosecute: Specifically the Pre-accusation Delay[.]" (Capitalization altered.) Central to Defendant's motion was the claim that many documents related to the case were no longer available and the documents were never in Defendant's possession. The motion was heard on 24 January 2020 before Superior Court Judge Carl Fox. After the hearing, Judge Fox gave an oral rendition of his ruling, stating "there is actual prejudice to . . . Defendant in this case. But what I cannot say is the delay was inexcusable and intentional" and "there's no question that there is delay, but there's just nothing before this [c]ourt . . . that this was done deliberately and unnecessarily and that it was to gain an advantage in this case, and therefore the motion is denied[;]" Judge Fox instructed the State to draft the written order. On 1 October 2020, Judge Fox retired from his position as a superior court judge.[1]

---

[1] While Judge Fox's exact date of retirement is not in our record, we take judicial notice of this fact as it is "not subject to reasonable dispute" and is both "generally known within the territorial jurisdiction of the trial court" and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." N.C. Gen. Stat. § 8C-1, Rule 201 (2023).

Almost two years after the hearing, on 13 September 2021, the "Order Denying [Defendant's] Motion to Dismiss" ("the Order") was filed. It was signed by Superior Court Judge John Dunlow. Attached to the Order was a page that stated "[t]his Order being issued by the Honorable Carl R. Fox, Jr. on the 21st day of January, 2020 and pursuant to N.C.G.S. 1A-1-Rule 63, signed by the Honorable John M. Dunlow on September 13, 2021."

Defendant's case came on for trial on 28 March 2022. The jury returned a guilty verdict on the embezzlement charge on 5 April 2022. Judgment was entered on 7 April 2022 sentencing Defendant to an active term of imprisonment. Defendant gave oral notice of appeal in open court.

## II.    Authority of the Trial Judge to Sign the Written Order

Defendant argues "the written order denying the motion to dismiss must be vacated because Judge Dunlow did not have the authority to sign the Order without first holding a hearing on the motion" and "Judge Dunlow erred by issuing written findings of fact and conclusion[s] of law that were not made by Judge Fox." As both Defendant and the State recognize, we review the issue of whether Judge Dunlow had authority to enter the order under Rule 63 *de novo* since it is a question of law. *See In re E.D.H.*, 381 N.C. 395, 398, 873 S.E.2d 510, 513 (2022) ("The North Carolina Rules of Civil Procedure are part of the General Statutes. Accordingly, interpreting the Rules of Civil Procedure is a matter of statutory interpretation. A question of statutory interpretation is ultimately a question of law for the courts. We review

conclusions of law de novo." (citations and quotation marks omitted)).

## A. Preservation

The State does not present any substantive argument in support of Judge Dunlow's authority to enter the Order without holding a new hearing but instead addresses only whether Defendant properly preserved this argument and Defendant's other arguments regarding the findings of fact and conclusions of law.

The State contends Defendant did not preserve this issue for appellate review. Specifically, the State argues under Rule 10 of our Rules of Appellate Procedure, "a party making a motion in the trial court bears the responsibility of obtaining a ruling sufficient to preserve the matter for review" and "[t]here is nothing in the Record suggesting that [D]efendant sought to have Judge Fox reduce his ruling to writing at any time before his retirement." In her reply brief, Defendant contends she "fully complied with . . . Rule 10. She filed her motion to dismiss, she produced evidence in support of the motion and sought to persuade Judge Fox, and she received a ruling on her motion at the conclusion of the hearing." She also noted her exception to Judge Fox's ruling upon rendition and requested a transcript of the hearing. Judge Fox directed the State to prepare the Order, and the State responded, "Yes, sir, I will."

Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure states "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent

from the context." N.C. R. App. P. 10(a)(1). It is clear Defendant properly objected under the Fifth Amendment to the pre-accusation delay as she filed a motion raising this issue and presented evidence at the hearing on the motion to dismiss. Thus, Defendant's arguments as to the merits of the findings and conclusions of law in the Order are preserved. *See id.*

Further, the State argues "[t]here is nothing in the Record suggesting that [D]efendant sought to have Judge Fox reduce his ruling to writing at any time before his retirement." But as Defendant notes in her reply, at the conclusion of the hearing Judge Fox instructed the State to prepare the Order denying the motion to dismiss and the State accepted that responsibility. The State effectively argues that Defendant should have taken action to make the State fulfill its duty to prepare the Order as directed by Judge Fox; this argument is somewhat ironic since Defendant's motion to dismiss was based on the State's delay in pursuing her prosecution. The State contends that Defendant should have "sought to have Judge Fox reduce his ruling to writing . . . before his retirement." But Defendant cannot be required to object to an issue that has not yet occurred; Defendant would have no way to anticipate that a judge who did not hear the motion would sign an order without requiring a new hearing. On 24 January 2024, Judge Fox directed the State to prepare the Order for his signature, and Judge Fox retired almost 9 months later.

The State also faults Defendant because "in the over two years from January 2020 through trial, [D]efendant did not seek a new hearing or present any additional

evidence on her motion as forecast." The State cites no legal basis upon which Defendant may have been able to request that the trial court hold a new hearing on a motion Judge Fox had already heard or Judge Dunlow had already entered an order upon, depending upon the point during the two years it claims Defendant had this option.

Then the State goes further and argues that Defendant did not object properly or sufficiently after Judge Dunlow signed the Order to preserve the issue for appellate review. But Defendant made her intent to appeal the Order clear by filing a "Notice of Exception to Order Entered [September] 13, 2021[,]" (capitalization altered), specifically excepting to the Order "because the [O]rder makes multiple findings of facts contrary to the transcript of the hearing[.]" Defendant also excepted to Conclusion of Law 7, that "Defendant has not established actual and substantial prejudice from the pre-accusation delay" because Judge Fox made "the finding of fact that there is actual prejudice to . . . Defendant in this case." The State contends that since Defendant did not specifically note her exception based upon Judge Dunlow's lack of authority to enter the Order after Judge Fox's retirement, she has failed to preserve the issue for review. But the State does not identify any statute or case applicable to criminal appeals in support of its argument. Instead, throughout its argument, the State relies in large part on civil cases using Rules of Civil Procedure not applicable to a criminal case. The State has not identified, and we have been unable to find, any law requiring Defendant to file her "Notice of Exception" in this

particular situation or requiring that Defendant preserve this issue for appeal in a manner other than filing a timely notice of appeal from the final judgment. *See* N.C. Gen. Stat. § 7A-27(b) (2023) ("[A]ppeal lies of right directly to the Court of Appeals in any of the following cases: (1) From any final judgment of a superior court[.]").

We also note Defendant did renew her motion to dismiss based upon the pre-accusation delay at the close of the State's evidence at trial. The State notes Defendant did not specifically argue that Judge Dunlow had no authority to enter the Order based on Judge Fox's hearing. At trial, Defendant referred to the motion to dismiss she previously filed and relied upon the same legal authorities she had presented to Judge Fox. She also noted some evidence presented at the hearing before Judge Fox, but the evidence addressing the pre-accusation delay was not presented again at the hearing. But the trial court denied the motion, stating as the reason that "[c]ounsel's renewal of the motion to dismiss has previously been ruled upon by Judge Fox."

Defendant was unable to appeal the pre-trial Order denying Defendant's motion to dismiss immediately because it was an interlocutory order. In criminal cases, interlocutory orders are generally not immediately appealable. *See State v. Ward*, 46 N.C. App. 200, 203, 264 S.E.2d 737, 739 (1980) ("Ordinarily in North Carolina an appeal will only lie from a final judgment. In criminal cases, there is no appeal as a matter of right from an interlocutory order. An interlocutory order which does not put an end to the action is not appealable unless it seriously affects a

substantial right." (citations omitted)). In *State v. Shoff*, this Court reviewed "our prior decisions regarding the appealability of interlocutory orders in criminal proceedings." 118 N.C. App. 724, 726, 456 S.E.2d 875, 877 (1995). The *Shoff* Court explained that under North Carolina General Statute Section 7A-27(b) and North Carolina General Statute Section 15A-1444(a), "appeals in criminal actions" are limited to "those taken from a final judgment." *Id.* at 725, 456 S.E.2d at 877. Defendant did not have the ability to appeal from Judge Dunlow's Order denying the motion to dismiss until entry of the final judgment in the criminal prosecution, and she timely gave notice of appeal. This issue was preserved for this Court's review and we will thus discuss the merits of Defendant's argument.

**B. Authority to Enter Order**

Defendant argues "the written order denying the motion to dismiss must be vacated because Judge Dunlow did not have the authority to sign the Order without first holding a hearing on the motion." Judge Dunlow cited North Carolina Rule of Civil Procedure 63 as authority for signing the Order in place of Judge Fox.

The State acknowledges that if Defendant preserved this issue for appellate review under the Rules of Appellate Procedure, "it is axiomatic that the written order is a nullity[,]" citing *In re K.N.*, 381 N.C. 823, 829-30, 874 S.E.2d 594, 599 (2022), and *State v. Bartlett*, 368 N.C. 309, 313-14, 776 S.E.2d 672, 674 (2015).

> Under Rule 63, our Supreme Court has determined
>
> [o]ne of the duties to be performed by the court under these

rules, N.C.G.S. § 1A-1, Rule 63, is finding the facts, stating the conclusions of law, and directing the entry of judgment pursuant to Rule 52. Thus, this Court has interpreted Rules 52 and 63 together to provide that a substitute judge cannot find facts or state conclusions of law in a matter over which he or she did not preside. Conversely, and [the] respondent concedes, if Judge Houston made the findings of fact and conclusions of law that appear in the order before retiring and Chief Judge Byrd did nothing more than put his signature on the order and enter it ministerially, the order is valid.

*In re E.D.H.*, 381 N.C. at 399, 873 S.E.2d at 513 (citation and quotation marks omitted).

But this issue is not governed by Rule 63 because this is a criminal case.[2] The Rules of Civil Procedure, including Rule 63, "govern the procedure . . . in all actions and proceedings of a *civil nature*[.]" N.C. Gen. Stat. § 1A-1, Rule 1 (2023) (emphasis added). "A criminal action is – (1) An action prosecuted by the State as a party, against a person charged with a public offense, for the punishment thereof." N.C. Gen. Stat. § 1-5 (2023). This case is a criminal action, not a civil action. As a general rule, the Rules of Civil Procedure do not apply in criminal cases. *See State v. Burrow*, 227 N.C. App. 568, 571, 742 S.E.2d 619, 621 (2013) ("The Rules of Civil Procedure cited by Defendant do not apply to criminal cases."). We have been unable to find any

---

[2] If this issue were governed by Rule 63, the Order would still have to be vacated. It is apparent that the Order includes detailed findings of fact and conclusions of law not rendered by Judge Fox at the hearing and that Judge Fox determined Defendant was prejudiced by the delay. Conclusion of Law 7 made by Judge Dunlow directly contradicts Judge Fox's oral rendering, as Judge Fox unequivocally stated "there is actual prejudice to . . . Defendant in this case" but Judge Dunlow specifically stated "[D]efendant has not established actual and substantial prejudice from the pre-accusation delay."

case applying Rule 63 in a criminal case.

Since Rule 63 does not provide authority for Judge Dunlow to enter an order on behalf of Judge Fox, we have also considered whether the State has identified any other basis for this authority. The Rules of Criminal Procedure do not address the authority of one judge to enter an order on behalf of another judge in this context and based upon Chapter 15 of the North Carolina General Statutes, *see generally* N.C. Gen. Stat. ch. 15 (2023) ("Criminal Procedure"), we cannot find any statutory authority for Judge Dunlow to enter the Order on behalf of Judge Fox.

In *State v. Bartlett*, Judge Jones held a hearing on the defendant's motion to suppress and "orally granted [the] defendant's motion and asked counsel to prepare a written order reflecting his decision." 368 N.C. at 311, 776 S.E.2d at 673. Judge Jones did not announce an oral ruling with findings of fact resolving a material conflict in the evidence. *Id.* at 311-12, 776 S.E.2d at 673-74. The written order was not prepared until after Judge Jones's term of office expired, and Judge Hudson signed an order granting the defendant's motion to suppress without holding a new hearing. *Id.* This order "found that [the] defendant's expert was credible, gave weight to the expert's testimony, and used the expert's testimony to conclude that no probable cause existed to support [the] defendant's arrest." *Id.* at 311, 776 S.E.2d at 673. The State appealed, and the Supreme Court held that Judge Hudson did not have "the authority to resolve the evidentiary conflict in his written order" since "he did not conduct the suppression hearing" and ordered a new suppression hearing. *Id.*

- 11 -

at 313, 776 S.E.2d at 674.

This case deals with a motion to dismiss based on pre-accusation delay, and *Bartlett* addressed a motion to suppress, but this difference in the type of motion does not allow us to overlook *Bartlett.* The Criminal Procedure Act has specific rules addressing orders on motions to suppress, but no similar rule for motions to dismiss. *See id.* ("Section 15A-977 of the General Statutes prescribes the procedure that the superior court must follow to decide a motion to suppress evidence."). But in addition to North Carolina General Statute Section 15A-977, the Supreme Court noted general principles of law supporting its determination that the judge who presided at the hearing must make the findings of fact:

> The trial judge who presides at a suppression hearing sees the witnesses, observes their demeanor as they testify and by reason of his more favorable position, he is given the responsibility of discovering the truth. For this reason, our appellate courts treat findings of fact made by the trial court as conclusive on appeal if they are supported by the evidence. The logic behind this approach is clear. In this setting, the trial judge is better able than we at the appellate level to gauge the comportment of the parties and to discern the sincerity of their responses to difficult questions. But a trial court is in no better position than an appellate court to make findings of fact if it reviews only the cold, written record.

*Id.* at 313, 776 S.E.2d at 674-75 (citations, quotation marks, and ellipses omitted).

The *Bartlett* Court also rejected the defendant's argument for an alternate basis for authority for Judge Hudson to sign the order "on behalf of Judge Jones." *Id.* at 313, 776 S.E.2d at 675. The defendant sought to rely on North Carolina General

Statute Section 15A-1224(b), which provides that:

> (b) If by reason of absence, death, sickness, or other disability, the judge before whom the defendant is being or has been tried is unable to perform the duties required of him before entry of judgment, and has not ordered a mistrial, any other judge assigned to the court may perform those duties, but if the other judge is satisfied that he cannot perform those duties because he did not preside at an earlier stage of the proceedings or for any other reason, he must order a mistrial.

N.C. Gen. Stat. § 15A-1224 (2023). The Supreme Court held that "[b]y its plain terms, subsection 15A-1224(b) applies only to criminal trials, not suppression hearings." *Bartlett*, 368 N.C. at 313, 776 S.E.2d at 675. Here, the hearing on Defendant's motion to dismiss, held over two years before the trial, is also not a "criminal trial" so North Carolina General Statute Section 15A-1224(b) also does not provide any authority to Judge Dunlow to enter the Order on behalf of Judge Fox.

### III.   Conclusion

Because Judge Dunlow had no authority to enter the Order on behalf of Judge Fox, the Order is a nullity and we must vacate and remand for the trial court to conduct a new hearing on Defendant's motion to dismiss due to the pre-accusation delay.

VACATED AND REMANDED.

Judge HAMPSON concurs.

Judge STADING concurs in a separate opinion.

No. COA23-650 – *State v. Fearns.*

STADING, Judge, concurring, writing separately.

I concur in the decision reached by the majority, particularly since the second trial court judge's written dismissal order contained a conclusion of law directly contradicting the original trial court judge's orally rendered conclusion. I write separately to emphasize a tempered application of *State v. Bartlett* to the present matter. 368 N.C. 309, 776 S.E.2d 672 (2015).

Our Supreme Court's ruling in *Bartlett* heavily relied on the specific mandates contained in our motion to suppress statutes. *See* N.C. Gen. Stat. Ch. 15A, Subch. IX, Art. 53 (2023). The Court determined "[s]ection 15A-977 contemplates that the same trial judge who hears the evidence must also find the facts." *Bartlett*, 368 N.C. at 313, 776 S.E.2d at 674. In reaching its determination, the Court carefully analyzed the language of N.C. Gen. Stat. §§ 15A-974 and -977 (2023). Subsection 15A-974(b) states, "[t]he court, in making a determination whether or not evidence shall be suppressed under this section, shall make findings of fact and conclusions of law which shall be included in the record, pursuant to G.S. 15A-977(f)." Subsection 15A-977(f) requires, "[t]he judge must set forth in the record his findings of fact and conclusions of law."

Defendant's motion to dismiss was filed pursuant to N.C. Gen. Stat. § 15A-954(a)(4) (2023), which does not contain the same express requirements as N.C. Gen. Stat. §§ 15A-974(b) and 15A-977(d), (f). Although instructive, given *Bartlett's* focus

on the motion to suppress statutes, I caution against extrapolating its use to matters outside of the motion to suppress context.