IN THE SUPREME COURT OF NORTH CAROLINA

No. 19PA14

FILED 25 SEPTEMBER 2015

STATE OF NORTH CAROLINA

v.

RANDY BENJAMIN BARTLETT

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 752 S.E.2d 237 (2013), affirming an oral ruling rendered by Judge Abraham P. Jones on 18 December 2012 and a written order signed by Judge Orlando F. Hudson Jr. and entered on 22 February 2013, both in Superior Court, Durham County. Heard in the Supreme Court on 21 April 2015.

*Roy Cooper, Attorney General, by Joseph L. Hyde, Assistant Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by David W. Andrews, Assistant Appellate Defender, for defendant-appellee.*

MARTIN, Chief Justice.

When the superior court conducts a pretrial hearing on a motion to suppress pursuant to N.C.G.S. § 15A-977, only the judge who presides at the hearing may make findings of fact concerning the evidence presented. When findings of fact are necessary to resolve a material conflict in the evidence and the judge who presides at the hearing does not make them, a new suppression hearing is required. In this case, a material conflict in the evidence arose from a disagreement between two expert

witnesses, and a judge who did not hear the testimony of either expert resolved that conflict. Accordingly, a new suppression hearing is required.

After the State charged defendant with impaired driving in violation of N.C.G.S. § 20-138.1, defendant was found guilty in District Court, Durham County. Defendant appealed the judgment to the Superior Court, Durham County, where he also filed a pretrial motion to suppress all evidence obtained after his arrest. In his motion, defendant argued that there was insufficient evidence of his impairment to establish probable cause for the arrest. Defendant's motion was heard before the Honorable Abraham P. Jones on 18 December 2012. At the suppression hearing, the State called the arresting officer as its sole witness. After being qualified as an expert in field sobriety testing, the officer described defendant's performance on a variety of field sobriety tests. The officer testified that, in his opinion, defendant's performance indicated appreciable impairment. Defendant did not contradict the officer's description of what happened during the field sobriety tests, but he did offer testimony from his own expert suggesting that defendant's performance did not indicate impairment. At the close of the hearing, Judge Jones orally granted defendant's motion and asked counsel to prepare a written order reflecting his decision.

But Judge Jones was not able to sign the proposed order before his term of office expired on 31 December 2012. Defendant subsequently presented the proposed

order to the Honorable Orlando F. Hudson Jr., who was presiding at the 18 February 2013 criminal session of the Superior Court, Durham County. Over the State's objection, Judge Hudson signed the order granting defendant's motion to suppress without hearing any evidence himself. The order specifically found that defendant's expert was credible, gave weight to the expert's testimony, and used the expert's testimony to conclude that no probable cause existed to support defendant's arrest.

The State appealed, contending that Judge Hudson was without authority to sign the order. The Court of Appeals found it unnecessary to reach the State's contention because the court considered the oral ruling by Judge Jones to be sufficient. *State v. Bartlett*, ___ N.C. App. ___, ___, 752 S.E.2d 237, 239 (2013). Relying on the two-part test that it had previously articulated in *State v. Williams*, 195 N.C. App. 554, 673 S.E.2d 394 (2009), the Court of Appeals observed that a trial court must issue a written order "unless (1) the trial court provides its rationale from the bench, and (2) there are no material conflicts in the evidence at the suppression hearing." *Bartlett*, ___ N.C. App. at ___, 752 S.E.2d at 239 (quoting *Williams*, 195 N.C. App. at 555, 673 S.E.2d at 395). Applying this test, the court determined that "there was no material conflict in the evidence presented at the suppression hearing" because the evidence concerning defendant's performance on the field sobriety tests was undisputed. *Id.* at ___, 752 S.E.2d at 239. The court also stated that Judge Jones adequately "supplied the rationale for his ruling from the bench." *Id.* at ___, 752 S.E.2d at 239. Based on this application of *Williams*, the court affirmed

the oral ruling rendered by Judge Jones. *Id.* at ___, 752 S.E.2d at 239. We allowed discretionary review and now reverse the decision of the Court of Appeals.

In determining whether evidence should be suppressed, the trial court "shall make findings of fact and conclusions of law which shall be included in the record." N.C.G.S. § 15A-974(b) (2013); *see also id.* § 15A-977(f) (2013) ("The judge must set forth in the record his findings of facts and conclusions of law."). A written determination setting forth the findings and conclusions is not necessary, but it is the better practice. *State v. Oates*, 366 N.C. 264, 268, 732 S.E.2d 571, 574 (2012). Although the statute's directive is in the imperative form, only a material conflict in the evidence—one that potentially affects the outcome of the suppression motion— must be resolved by explicit factual findings that show the basis for the trial court's ruling. *State v. Salinas*, 366 N.C. 119, 123-24, 729 S.E.2d 63, 66 (2012); *State v. Ladd*, 308 N.C. 272, 278, 302 S.E.2d 164, 168 (1983). When there is no conflict in the evidence, the trial court's findings can be inferred from its decision. *State v. Munsey*, 342 N.C. 882, 885, 467 S.E.2d 425, 427 (1996). Thus, our cases require findings of fact only when there is a material conflict in the evidence and allow the trial court to make these findings either orally or in writing. To the extent that cases such as *Williams* suggest otherwise, they are disavowed.

At the suppression hearing in this case, disagreement between two expert witnesses created a material conflict in the evidence. Although defendant did not

dispute the officer's testimony about what happened during the field sobriety tests, defendant's expert sharply disagreed with the officer's opinion on whether defendant's performance indicated impairment. Expert opinion testimony is evidence, and the two expert opinions in this case differed from one another on a fact that is essential to the probable cause determination—defendant's apparent degree of impairment. Thus, a finding of fact, whether written or oral, was required to resolve this conflict.

Here, Judge Jones made no such finding. Although he did attempt to explain his rationale for granting the motion, we cannot construe any of his statements as a definitive finding of fact that resolved the material conflict in the evidence. Without such a finding, there can be no meaningful appellate review of the trial judge's decision. *See Salinas*, 366 N.C. at 124, 729 S.E.2d at 66. Accordingly, the oral ruling by Judge Jones did not comply with N.C.G.S. §§ 15A-974 and 15A-977.

Because the oral ruling was inadequate, we now consider whether Judge Hudson had the authority to resolve the evidentiary conflict in his written order even though he did not conduct the suppression hearing. For the following reasons, we conclude that Judge Hudson did not have this authority and that a new suppression hearing is required.

Section 15A-977 of the General Statutes prescribes the procedure that the superior court must follow to decide a motion to suppress evidence. Pursuant to

subsection (d) of this statute, "[i]f the motion is not determined summarily the judge must make the determination after a hearing and finding of facts." N.C.G.S. § 15A-977(d) (2013). Section 15A-977 contemplates that the same trial judge who hears the evidence must also find the facts. The trial judge who presides at a suppression hearing "sees the witnesses, observes their demeanor as they testify and by reason of his more favorable position, he is given the responsibility of discovering the truth." *State v. Smith*, 278 N.C. 36, 41, 178 S.E.2d 597, 601, *cert. denied*, 403 U.S. 934, 91 S. Ct. 2266 (1971). For this reason, our appellate courts treat findings of fact made by the trial court as "conclusive on appeal if they are supported by the evidence." *Id.* at 41, 178 S.E.2d at 601; *State v. Hughes*, 353 N.C. 200, 207-08, 539 S.E.2d 625, 630-31 (2000); *State v. Cooke*, 306 N.C. 132, 134-35, 291 S.E.2d 618, 619-20 (1982). "The logic behind this approach is clear. In this setting, the trial judge is better able than we at the appellate level to gauge the comportment of the parties . . . and to discern the sincerity of their responses to difficult questions." *In re Estate of Trogdon*, 330 N.C. 143, 148, 409 S.E.2d 897, 900 (1991). But a trial court is in no better position than an appellate court to make findings of fact if it reviews only the cold, written record. *See Smith*, 278 N.C. at 41, 178 S.E.2d at 601. We therefore reject an interpretation of N.C.G.S. § 15A-977 that would diminish the trial court's institutional advantages in the fact-finding process.

Notwithstanding the procedures set forth in section 15A-977, defendant contends that subsection 15A-1224(b) of the General Statutes permits Judge Hudson

to sign an order on behalf of Judge Jones. Section 15A-1224 is part of the Criminal Procedure Act and is codified in Article 73, which is entitled "Criminal Jury Trial in Superior Court." Subsection 15A-1224(b) allows a substitute judge to complete an ongoing criminal trial unless the substitute judge concludes that he cannot perform that function, in which case he must order a mistrial. N.C.G.S. § 15A-1224(b) (2013). By its plain terms, subsection 15A-1224(b) applies only to criminal trials, not suppression hearings. Defendant's contention that subsection 15A-1224(b) is dispositive of this matter is therefore without merit.

Accordingly, we hold that N.C.G.S. § 15A-977 requires the judge who presides at the suppression hearing to make the findings of fact necessary to decide the motion. In this case, the testimony of the experts at the suppression hearing created a material conflict in the evidence that the presiding judge did not resolve. Although a second judge made the findings of fact necessary to resolve this conflict, he did so without hearing any evidence himself. Under these circumstances, a new suppression hearing is required. We therefore reverse the decision of the Court of Appeals and remand this matter to that court for further remand consistent with this opinion.

REVERSED AND REMANDED.