IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-101

No. COA20-232

Filed 6 April 2021

Mecklenburg County, Nos. 13CRS244937; 13CRS45258; 13CRS45260

STATE OF NORTH CAROLINA

v.

RICARDO SWAIN, Defendant.

Petition for writ of certiorari by defendant from order entered 28 June 2018 by Judge Karen Eady-Williams in Superior Court, Mecklenburg County. Heard in the Court of Appeals 17 November 2020.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Sandra Wallace-Smith, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Michele A. Goldman, for defendant-appellant.*

STROUD, Chief Judge.

¶ 1    Defendant appeals the denial of his remanded amended motion to suppress.[1]

---

[1] As noted within this opinion in further detail, this appeal stems out of the case of *State v. Swain*, 259 N.C. App. 253, 812 S.E.2d 411 (2018) ("*Swain I*"). In *Swain I*, defendant appealed an oral ruling denying his motion to suppress and his criminal judgment, but ultimately this Court was unable to review defendant's arguments regarding the denial of the motion to suppress because the trial court had not entered a written order resolving the factual issues arising from the evidence; thus the case was remanded for entry of a written order. *See generally id.* Defendant now, out of an abundance of caution, petitions this Court for a *writ*

In the prior appeal of this case, this Court remanded for entry of "a written order clarifying the trial court's findings of fact on defendant's amended motion to suppress for lack of probable cause." *State v. Swain*, 259 N.C. App. 253, 812 S.E.2d 411, slip op. *6 (2018) (unpublished) ("*Swain I*"). As the judge who entered the order in *Swain I* had since retired and was not available to enter the order on remand, the trial court was required to hold a new evidentiary hearing and enter a written order with the findings of fact as directed in *Swain I*. Since we had already determined in *Swain I* that we were unable to discern the basis for denial of defendant's motion to suppress from the transcript, the trial court erred by basing the order on remand on this same transcript. We therefore vacate and remand.

## I. Background

This case is a continuation of a prior unpublished case, *State v. Swain*, 259 N.C. App. 253, 812 S.E.2d 411 (2018) (unpublished). The factual background of this case was provided in *Swain I*:

> The State's evidence showed that on 8 November
> 2013 law enforcement officers executed a search warrant;

*of certiorari*, since he appealed the written order denying the motion to suppress based upon the remand, but did not again appeal his underlying criminal judgment which had never been reviewed in the first appeal. We note that defendant never received resolution of his arguments regarding the judgment in his first appeal because this Court was unable to do so without a filed order denying the motion to suppress. Out of an abundance of caution, we allow defendant's petition for a *writ of certiorari* on defendant's meritorious appeal of the judgment, where, for a second time, this Court is ultimately unable to consider defendant's arguments on appeal due to the trial court's failure to resolve the factual issues raised by the motion to suppress and to follow statutory mandates.

the warrant allowed officers to search an apartment in Charlotte and a black Porsche. When the garage to the apartment opened, officers found defendant backing out in the black Porsche. During the execution of the warrant, officers found cocaine.

Defendant was indicted for trafficking in drugs. Defendant moved to suppress "all evidence seized pursuant to the Search Warrant[.]" The legal basis of defendant's motion to suppress was *Franks v. Delaware*, 438 U.S. 154 (1978). Defendant contended that the "warrant affidavit contained an intentionally or recklessly false statement" in "that there was no CRI[, Confidential Reliable Informant,] involved[.]" The trial court denied defendant's motions to suppress, and a jury found defendant guilty. The trial court entered judgment, and defendant appeals.

Defendant argues on appeal that the trial court erred in denying his motion to suppress "because the search warrant did not state sufficient, reliable facts to establish probable cause in violation of his" rights. (Original in all caps.) The basis of defendant's challenge on appeal differs from the written motion to suppress, which was based upon *Franks*. Defendant's argument in this appeal arises from a later amended motion to suppress. Due to the many motions before the trial court, and the lack of a written order, we have had difficulty in reviewing defendant's arguments on appeal.

Before defendant's trial began, defendant moved to dismiss the case before the trial court and that motion was denied. Defendant then turned to his written motion to suppress based on *Franks*. Defendant called three witnesses to testify on behalf of his motion, including the detective who wrote the affidavit in support of the search warrant. After much discussion, the trial court ordered the State to hand a document over to defendant to which defendant's attorney stated, "So, Your Honor, I'd ask Mr. Swain here in the midst of a motion to suppress or in the midst of a *Frank's* motion has been turned over the very document he's been looking for since 2015." Defendant's attorney then asked for leeway to file an amended motion

based upon the new information; the request was denied.
Defendant's counsel again requested time to file an
amended motion, and the trial court asked defendant's
attorney if he would like to present any further evidence
regarding the written motion to suppress which was under
consideration by the trial court. The trial court then orally
rendered its decision and denied defendant's motion to
suppress. The trial court then moved on to defendant's
motion to disclose the confidential informant. The trial
court denied defendant's motion to disclose the confidential
informant and during this ruling made many findings of
fact which were relevant to defendant's forthcoming motion
to suppress.

It appears from the transcript that defendant later
filed a written amended motion to suppress, but that
motion is not in the record before us. According to the
transcript, defendant's amended motion focuses on a lack
of probable cause because "[t]he Almond case, Your Honor,
which I've passed up addresses the issue which we contend
in this case of does the search warrant contain any
information supporting the search of a specific residence."
Defendant did not present any additional evidence on the
amended motion to suppress.

Before ruling on the amended motion to suppress,
the trial court stated regarding other motions, "I want to
cover all of that now before addressing the final ruling on
the motion to suppress[.]" The trial court then heard
arguments regarding motions to join and sever and then
the State raised "a motion in limine concerning the
defendant's proof of guilt of another[.]" The State then
moved to amend an indictment. At this point, the trial
court returned to the amended motion to suppress and
orally rendered its ruling denying it because there was
probable cause.

*Swain I* *1-4 (alterations in original).

¶ 3     In *Swain I*, this Court was unable to review defendant's arguments because

the trial court had not entered a written order resolving the factual issues arising

from the evidence. *See id.* As we noted in *Swain I,*

> Defendant raises many issues on appeal regarding a lack of probable cause for the issuance of the warrant including that the trial court's "analysis was superficial and inadequate. (Tpp. 347-349)[.]" Defendant directs us to the trial court's ultimate oral rendition on the amended motion to suppress in the transcript and contends that the trial court did not make adequate findings of fact. But defendant's argument takes the trial court's final rendition of its denial of the amended motion out of context. The trial court's analysis and findings relevant to the amended motion to suppress were not limited to the three pages cited by defendant in the transcript, 347-349, because the trial court was making various rulings and findings at various points during the prior proceedings as shown in the preceding 346 pages of the transcript. The trial court had already ruled on several other motions, including the original motion to suppress and a motion to disclose the identity of the confidential informant; the trial court's rendition of its rulings on these motions included many findings of fact which would also be pertinent to the amended motion to suppress.
>
> We cannot address defendant's arguments on appeal because we cannot determine the trial court's exact rationale for denial of the amended motion to suppress and how much its ultimate determination depended upon the findings of fact it had made in ruling on the prior motions. Some of the confusion arises because the trial court was considering several different motions over a period of about two days. In addition, defendant presented evidence, and there were material conflicts in the evidence. Since the trial court did not enter a written order denying the amended motion to suppress, we are unable to review the ruling.

*Id.* at *4-5 (footnote omitted). This Court ultimately remanded the case to the trial

court "for a written order clarifying the trial court's findings of facts on defendant's amended motion to suppress for lack of probable cause." *Id*. at \*5.

¶ 4      When the case returned to the trial court for hearing as directed in *Swain I*, the trial judge who had originally denied defendant's amended motion to suppress had retired, so another judge was assigned to the case. The judge reviewed the transcript from the prior proceedings and entered an order based upon the transcript. The order includes extensive findings of fact. These findings begin by summarizing the transcript and procedural history of the case. The trial court then determined that the former judge, Judge Foust, "considered <u>the following facts</u>" in support of his ruling regarding the motion to suppress and listed the facts in finding 24, subsections a through h. (Emphasis in original.) In support of these findings, the order cites to transcript pages 347-349. Ultimately, the trial court denied defendant's motion to suppress, based upon its findings and ruling explicitly upon what the trial court believed Judge Foust had considered and found in the evidentiary hearings prior to the first appeal. The order did not address any of the material conflicts, which needed to be resolved as noted by this Court in *Swain I*. Ultimately, the trial court again denied defendant's motion. Defendant appeals.

## II.    Amended Motion to Suppress

¶ 5      Defendant contends that once again his case must be remanded to the trial court for findings of fact regarding his amended motion to suppress, and the State

agrees. We need not address the standard for reviewing a motion to suppress as once again, we cannot review defendant's arguments on appeal without written findings of fact on the substantive issues raised in defendant's amended motion to suppress, as noted in *Swain I*. On remand, defendant requested the new trial judge hold an evidentiary hearing so that she could make substantive findings of fact, but this request was denied. Because Judge Foust had retired, the trial judge read *Swain I* as asking her "to get in his head" based upon the transcript. In *Swain I*, this Court directed as follows: "We must remand for a written order clarifying the trial court's findings of facts on defendant's amended motion to suppress for lack of probable cause." *Id.* *6.

¶ 6    When a case is remanded, this Court has no way of predicting if the original judge who heard a particular motion will still be available to enter a new order when the case is heard on remand. Sometimes, the original judge is still available and can enter a new order without holding a new hearing; other times, the original judge, as here, is no longer available. In this situation, if the judge who conducted the hearing is not available to enter a new order on remand, a new evidentiary hearing on the motion to suppress is required:

> When the superior court conducts a pretrial hearing on a motion to suppress pursuant to N.C.G.S. § 15A–977, *only the judge who presides at the hearing may make findings of fact concerning the evidence presented.* When findings of fact are necessary to resolve a material conflict

in the evidence and the judge who presides at the hearing does not make them, a new suppression hearing is required. In this case, a material conflict in the evidence arose . . ., and a judge who did not hear the testimony . . . resolved that conflict. Accordingly, a new suppression hearing is required.

*State v. Bartlett*, 368 N.C. 309, 310, 776 S.E.2d 672, 673 (2015) (emphasis added).

¶ 7   If this Court had been able to determine Judge Foust's findings on all the relevant issues from the transcript alone, the order in *Swain I* would not have been remanded for entry of a new order. Rather, this Court noted material conflicts in the evidence that needed to be addressed and directed "a written order clarifying the trial court's findings of facts on defendant's amended motion to suppress for lack of probable cause." *Swain I* \*6. We also note the trial court cited to transcript pages 347-349 in support of the substantive "findings of fact" noted in the order on remand, but in *Swain I* we explicitly determined that we could not determine the basis for Judge Foust's ruling based *on these same pages:*

> Defendant raises many issues on appeal regarding a lack of probable cause for the issuance of the warrant including that the trial court's "analysis was superficial and inadequate. (Tpp. 347-349)[.]" Defendant directs us to the trial court's ultimate oral rendition on the amended motion to suppress in the transcript and contends that the trial court did not make adequate findings of fact. But defendant's argument takes the trial court's final rendition of its denial of the amended motion out of context. The trial court's analysis and findings relevant to the amended motion to suppress were not limited to the three pages cited by defendant in the transcript, 347-349, because the trial

court was making various rulings and findings at various points during the prior proceedings as shown in the preceding 346 pages of the transcript. The trial court had already ruled on several other motions, including the original motion to suppress and a motion to disclose the identity of the confidential informant; the trial court's rendition of its rulings on these motions included many findings of fact which would also be pertinent to the amended motion to suppress.

*Id.* \*4-5.

¶ 8    Thus, once again, "[w]e must remand for a written order clarifying the trial court's findings of facts on defendant's amended motion to suppress for lack of probable cause." *Id.* \*6. On remand, in accord with *Bartlett*, the trial court shall conduct an evidentiary hearing on defendant's amended motion to suppress and enter a written order including findings of fact addressing all material conflicts in the evidence. *See Bartlett*, 368 N.C. at 310, 776 S.E.2d at 673. In addition, we do not express any opinion on whether the trial court should deny or allow defendant's motion on remand, as we have yet to address the substantive issues raised on appeal.

¶ 9    Defendant also contends that the trial court disregarded the law of the case in two regards: (1) determining the prior judge's rationale could be ascertained from the transcript, and (2) noting there were no material factual conflicts. We agree that this Court had already determined that the actual basis of the trial court's ruling was unclear as the oral findings of fact were strewn throughout the transcript. Again, as we noted in *Swain I*, "[t]he trial court's analysis and findings relevant to the amended

motion to suppress were not limited to the three pages cited by defendant in the transcript, 347-349, because the trial court was making various ruling and findings at various points during the prior proceedings as shown in the preceding 346 pages of the transcript." *Swain I* at *4. Further, "the trial court's rendition of its rulings on" prior "motions included many findings of fact which would also be pertinent to the amended motion to suppress." *Id.* *5.

¶ 10        Moreover, as we noted in *Swain I*, there were material conflicts in the evidence which this Court cannot resolve. *Id.* *5. For example, the search warrant lists defendant's address as the home which was searched but an officer testified the home was actually leased by someone else and did not belong to defendant. In fact, the officer testified, "another person . . . presumably lived there" and "[a]ll of defendant's "documents" were found at a different address the officer noted as "Mr. Swain's address." While certainly defendant could reside or keep drugs in a home that does not belong to him, and that home could be subject to a search, the evidence raises an issue of fact relevant to defendant's motion to suppress which the trial court must resolve.

> N.C. Gen. Stat. § 15A–977(f) (2011) requires that the judge must set forth in the record his findings of facts and conclusions of law. However, N.C. Gen. Stat. § 15A–977(f), has been interpreted as mandating a written order unless (1) the trial court provides its rationale from the bench, and (2) there are no material conflicts in the evidence at the suppression hearing.

*Swain I* at \*5 (citation omitted).

### III.      Conclusion

Because the trial court failed to conduct the required evidentiary hearing and enter a written order upon defendant's amended motion to suppress, we vacate and remand. On remand, the trial court shall hold an evidentiary hearing on defendant's amended motion to suppress and shall issue an order, with findings of fact resolving any disputes in the evidence and ruling upon the motion.

VACATED AND REMANDED.

Judges TYSON and HAMPSON concur.