IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-101

 No. COA20-232

 Filed 6 April 2021

 Mecklenburg County, Nos. 13CRS244937; 13CRS45258; 13CRS45260

 STATE OF NORTH CAROLINA

 v.

 RICARDO SWAIN, Defendant.

 Petition for writ of certiorari by defendant from order entered 28 June 2018 by

 Judge Karen Eady-Williams in Superior Court, Mecklenburg County. Heard in the

 Court of Appeals 17 November 2020.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Sandra
 Wallace-Smith, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Michele A.
 Goldman, for defendant-appellant.

 STROUD, Chief Judge.

¶1 Defendant appeals the denial of his remanded amended motion to suppress.1

 1 As noted within this opinion in further detail, this appeal stems out of the case of State v.

 Swain, 259 N.C. App. 253, 812 S.E.2d 411 (2018) (“Swain I”). In Swain I, defendant appealed
 an oral ruling denying his motion to suppress and his criminal judgment, but ultimately this
 Court was unable to review defendant’s arguments regarding the denial of the motion to
 suppress because the trial court had not entered a written order resolving the factual issues
 arising from the evidence; thus the case was remanded for entry of a written order. See
 generally id. Defendant now, out of an abundance of caution, petitions this Court for a writ
 STATE V. SWAIN

 2021-NCCOA-101

 Opinion of the Court

 In the prior appeal of this case, this Court remanded for entry of “a written order

 clarifying the trial court’s findings of fact on defendant’s amended motion to suppress

 for lack of probable cause.” State v. Swain, 259 N.C. App. 253, 812 S.E.2d 411, slip

 op. *6 (2018) (unpublished) (“Swain I”). As the judge who entered the order in Swain

 I had since retired and was not available to enter the order on remand, the trial court

 was required to hold a new evidentiary hearing and enter a written order with the

 findings of fact as directed in Swain I. Since we had already determined in Swain I

 that we were unable to discern the basis for denial of defendant’s motion to suppress

 from the transcript, the trial court erred by basing the order on remand on this same

 transcript. We therefore vacate and remand.

 I. Background

¶2 This case is a continuation of a prior unpublished case, State v. Swain, 259

 N.C. App. 253, 812 S.E.2d 411 (2018) (unpublished). The factual background of this

 case was provided in Swain I:

 The State’s evidence showed that on 8 November
 2013 law enforcement officers executed a search warrant;

 of certiorari, since he appealed the written order denying the motion to suppress based upon
 the remand, but did not again appeal his underlying criminal judgment which had never
 been reviewed in the first appeal. We note that defendant never received resolution of his
 arguments regarding the judgment in his first appeal because this Court was unable to do so
 without a filed order denying the motion to suppress. Out of an abundance of caution, we
 allow defendant’s petition for a writ of certiorari on defendant’s meritorious appeal of the
 judgment, where, for a second time, this Court is ultimately unable to consider defendant’s
 arguments on appeal due to the trial court’s failure to resolve the factual issues raised by the
 motion to suppress and to follow statutory mandates.
 STATE V. SWAIN

 2021-NCCOA-101

 Opinion of the Court

the warrant allowed officers to search an apartment in
Charlotte and a black Porsche. When the garage to the
apartment opened, officers found defendant backing out in
the black Porsche. During the execution of the warrant,
officers found cocaine.
 Defendant was indicted for trafficking in drugs.
Defendant moved to suppress “all evidence seized pursuant
to the Search Warrant[.]” The legal basis of defendant’s
motion to suppress was Franks v. Delaware, 438 U.S. 154
(1978). Defendant contended that the “warrant affidavit
contained an intentionally or recklessly false statement” in
“that there was no CRI[, Confidential Reliable Informant,]
involved[.]” The trial court denied defendant’s motions to
suppress, and a jury found defendant guilty. The trial
court entered judgment, and defendant appeals.
 Defendant argues on appeal that the trial court
erred in denying his motion to suppress “because the
search warrant did not state sufficient, reliable facts to
establish probable cause in violation of his” rights.
(Original in all caps.) The basis of defendant’s challenge
on appeal differs from the written motion to suppress,
which was based upon Franks. Defendant’s argument in
this appeal arises from a later amended motion to
suppress. Due to the many motions before the trial court,
and the lack of a written order, we have had difficulty in
reviewing defendant’s arguments on appeal.
 Before defendant’s trial began, defendant moved to
dismiss the case before the trial court and that motion was
denied. Defendant then turned to his written motion to
suppress based on Franks. Defendant called three
witnesses to testify on behalf of his motion, including the
detective who wrote the affidavit in support of the search
warrant. After much discussion, the trial court ordered the
State to hand a document over to defendant to which
defendant’s attorney stated, “So, Your Honor, I’d ask Mr.
Swain here in the midst of a motion to suppress or in the
midst of a Frank’s motion has been turned over the very
document he’s been looking for since 2015.” Defendant’s
attorney then asked for leeway to file an amended motion
 STATE V. SWAIN

 2021-NCCOA-101

 Opinion of the Court

 based upon the new information; the request was denied.
 Defendant’s counsel again requested time to file an
 amended motion, and the trial court asked defendant’s
 attorney if he would like to present any further evidence
 regarding the written motion to suppress which was under
 consideration by the trial court. The trial court then orally
 rendered its decision and denied defendant’s motion to
 suppress. The trial court then moved on to defendant’s
 motion to disclose the confidential informant. The trial
 court denied defendant’s motion to disclose the confidential
 informant and during this ruling made many findings of
 fact which were relevant to defendant’s forthcoming motion
 to suppress.
 It appears from the transcript that defendant later
 filed a written amended motion to suppress, but that
 motion is not in the record before us. According to the
 transcript, defendant’s amended motion focuses on a lack
 of probable cause because “[t]he Almond case, Your Honor,
 which I’ve passed up addresses the issue which we contend
 in this case of does the search warrant contain any
 information supporting the search of a specific residence.”
 Defendant did not present any additional evidence on the
 amended motion to suppress.
 Before ruling on the amended motion to suppress,
 the trial court stated regarding other motions, “I want to
 cover all of that now before addressing the final ruling on
 the motion to suppress[.]” The trial court then heard
 arguments regarding motions to join and sever and then
 the State raised “a motion in limine concerning the
 defendant’s proof of guilt of another[.]” The State then
 moved to amend an indictment. At this point, the trial
 court returned to the amended motion to suppress and
 orally rendered its ruling denying it because there was
 probable cause.

 Swain I *1-4 (alterations in original).

¶3 In Swain I, this Court was unable to review defendant’s arguments because
 STATE V. SWAIN

 2021-NCCOA-101

 Opinion of the Court

the trial court had not entered a written order resolving the factual issues arising

from the evidence. See id. As we noted in Swain I,

 Defendant raises many issues on appeal regarding a
 lack of probable cause for the issuance of the warrant
 including that the trial court’s “analysis was superficial
 and inadequate. (Tpp. 347-349)[.]” Defendant directs us to
 the trial court’s ultimate oral rendition on the amended
 motion to suppress in the transcript and contends that the
 trial court did not make adequate findings of fact. But
 defendant’s argument takes the trial court’s final rendition
 of its denial of the amended motion out of context. The trial
 court’s analysis and findings relevant to the amended
 motion to suppress were not limited to the three pages cited
 by defendant in the transcript, 347-349, because the trial
 court was making various rulings and findings at various
 points during the prior proceedings as shown in the
 preceding 346 pages of the transcript. The trial court had
 already ruled on several other motions, including the
 original motion to suppress and a motion to disclose the
 identity of the confidential informant; the trial court’s
 rendition of its rulings on these motions included many
 findings of fact which would also be pertinent to the
 amended motion to suppress.
 We cannot address defendant’s arguments on appeal
 because we cannot determine the trial court’s exact
 rationale for denial of the amended motion to suppress and
 how much its ultimate determination depended upon the
 findings of fact it had made in ruling on the prior motions.
 Some of the confusion arises because the trial court was
 considering several different motions over a period of about
 two days. In addition, defendant presented evidence, and
 there were material conflicts in the evidence. Since the
 trial court did not enter a written order denying the
 amended motion to suppress, we are unable to review the
 ruling.

Id. at *4-5 (footnote omitted). This Court ultimately remanded the case to the trial
 STATE V. SWAIN

 2021-NCCOA-101

 Opinion of the Court

 court “for a written order clarifying the trial court’s findings of facts on defendant’s

 amended motion to suppress for lack of probable cause.” Id. at *5.

¶4 When the case returned to the trial court for hearing as directed in Swain I,

 the trial judge who had originally denied defendant’s amended motion to suppress

 had retired, so another judge was assigned to the case. The judge reviewed the

 transcript from the prior proceedings and entered an order based upon the transcript.

 The order includes extensive findings of fact. These findings begin by summarizing

 the transcript and procedural history of the case. The trial court then determined

 that the former judge, Judge Foust, “considered the following facts” in support of his

 ruling regarding the motion to suppress and listed the facts in finding 24, subsections

 a through h. (Emphasis in original.) In support of these findings, the order cites to

 transcript pages 347-349. Ultimately, the trial court denied defendant’s motion to

 suppress, based upon its findings and ruling explicitly upon what the trial court

 believed Judge Foust had considered and found in the evidentiary hearings prior to

 the first appeal. The order did not address any of the material conflicts, which needed

 to be resolved as noted by this Court in Swain I. Ultimately, the trial court again

 denied defendant’s motion. Defendant appeals.

 II. Amended Motion to Suppress

¶5 Defendant contends that once again his case must be remanded to the trial

 court for findings of fact regarding his amended motion to suppress, and the State
 STATE V. SWAIN

 2021-NCCOA-101

 Opinion of the Court

 agrees. We need not address the standard for reviewing a motion to suppress as once

 again, we cannot review defendant’s arguments on appeal without written findings

 of fact on the substantive issues raised in defendant’s amended motion to suppress,

 as noted in Swain I. On remand, defendant requested the new trial judge hold an

 evidentiary hearing so that she could make substantive findings of fact, but this

 request was denied. Because Judge Foust had retired, the trial judge read Swain I

 as asking her “to get in his head” based upon the transcript. In Swain I, this Court

 directed as follows: “We must remand for a written order clarifying the trial court’s

 findings of facts on defendant’s amended motion to suppress for lack of probable

 cause.” Id. *6.

¶6 When a case is remanded, this Court has no way of predicting if the original

 judge who heard a particular motion will still be available to enter a new order when

 the case is heard on remand. Sometimes, the original judge is still available and can

 enter a new order without holding a new hearing; other times, the original judge, as

 here, is no longer available. In this situation, if the judge who conducted the hearing

 is not available to enter a new order on remand, a new evidentiary hearing on the

 motion to suppress is required:

 When the superior court conducts a pretrial hearing
 on a motion to suppress pursuant to N.C.G.S. § 15A–977,
 only the judge who presides at the hearing may make
 findings of fact concerning the evidence presented. When
 findings of fact are necessary to resolve a material conflict
 STATE V. SWAIN

 2021-NCCOA-101

 Opinion of the Court

 in the evidence and the judge who presides at the hearing
 does not make them, a new suppression hearing is
 required. In this case, a material conflict in the evidence
 arose . . ., and a judge who did not hear the testimony . . .
 resolved that conflict. Accordingly, a new suppression
 hearing is required.

 State v. Bartlett, 368 N.C. 309, 310, 776 S.E.2d 672, 673 (2015) (emphasis added).

¶7 If this Court had been able to determine Judge Foust’s findings on all the

 relevant issues from the transcript alone, the order in Swain I would not have been

 remanded for entry of a new order. Rather, this Court noted material conflicts in the

 evidence that needed to be addressed and directed “a written order clarifying the trial

 court’s findings of facts on defendant’s amended motion to suppress for lack of

 probable cause.” Swain I *6. We also note the trial court cited to transcript pages

 347-349 in support of the substantive “findings of fact” noted in the order on remand,

 but in Swain I we explicitly determined that we could not determine the basis for

 Judge Foust’s ruling based on these same pages:

 Defendant raises many issues on appeal regarding a
 lack of probable cause for the issuance of the warrant
 including that the trial court’s “analysis was superficial
 and inadequate. (Tpp. 347-349)[.]” Defendant directs us to
 the trial court’s ultimate oral rendition on the amended
 motion to suppress in the transcript and contends that the
 trial court did not make adequate findings of fact. But
 defendant’s argument takes the trial court’s final rendition
 of its denial of the amended motion out of context. The trial
 court’s analysis and findings relevant to the amended
 motion to suppress were not limited to the three pages cited
 by defendant in the transcript, 347-349, because the trial
 STATE V. SWAIN

 2021-NCCOA-101

 Opinion of the Court

 court was making various rulings and findings at various
 points during the prior proceedings as shown in the
 preceding 346 pages of the transcript. The trial court had
 already ruled on several other motions, including the
 original motion to suppress and a motion to disclose the
 identity of the confidential informant; the trial court’s
 rendition of its rulings on these motions included many
 findings of fact which would also be pertinent to the
 amended motion to suppress.

 Id. *4-5.

¶8 Thus, once again, “[w]e must remand for a written order clarifying the trial

 court’s findings of facts on defendant’s amended motion to suppress for lack of

 probable cause.” Id. *6. On remand, in accord with Bartlett, the trial court shall

 conduct an evidentiary hearing on defendant’s amended motion to suppress and enter

 a written order including findings of fact addressing all material conflicts in the

 evidence. See Bartlett, 368 N.C. at 310, 776 S.E.2d at 673. In addition, we do not

 express any opinion on whether the trial court should deny or allow defendant’s

 motion on remand, as we have yet to address the substantive issues raised on appeal.

¶9 Defendant also contends that the trial court disregarded the law of the case in

 two regards: (1) determining the prior judge’s rationale could be ascertained from

 the transcript, and (2) noting there were no material factual conflicts. We agree that

 this Court had already determined that the actual basis of the trial court’s ruling was

 unclear as the oral findings of fact were strewn throughout the transcript. Again, as

 we noted in Swain I, “[t]he trial court’s analysis and findings relevant to the amended
 STATE V. SWAIN

 2021-NCCOA-101

 Opinion of the Court

 motion to suppress were not limited to the three pages cited by defendant in the

 transcript, 347-349, because the trial court was making various ruling and findings

 at various points during the prior proceedings as shown in the preceding 346 pages

 of the transcript.” Swain I at *4. Further, “the trial court’s rendition of its rulings

 on” prior “motions included many findings of fact which would also be pertinent to

 the amended motion to suppress.” Id. *5.

¶ 10 Moreover, as we noted in Swain I, there were material conflicts in the evidence

 which this Court cannot resolve. Id. *5. For example, the search warrant lists

 defendant’s address as the home which was searched but an officer testified the home

 was actually leased by someone else and did not belong to defendant. In fact, the

 officer testified, “another person . . . presumably lived there” and “[a]ll of defendant’s

 “documents” were found at a different address the officer noted as “Mr. Swain’s

 address.” While certainly defendant could reside or keep drugs in a home that does

 not belong to him, and that home could be subject to a search, the evidence raises an

 issue of fact relevant to defendant’s motion to suppress which the trial court must

 resolve.

 N.C. Gen. Stat. § 15A–977(f) (2011) requires that the judge
 must set forth in the record his findings of facts and
 conclusions of law. However, N.C. Gen. Stat. § 15A–977(f),
 has been interpreted as mandating a written order unless
 (1) the trial court provides its rationale from the bench, and
 (2) there are no material conflicts in the evidence at the
 suppression hearing.
 STATE V. SWAIN

 2021-NCCOA-101

 Opinion of the Court

 Swain I at *5 (citation omitted).

 III. Conclusion

¶ 11 Because the trial court failed to conduct the required evidentiary hearing and

 enter a written order upon defendant’s amended motion to suppress, we vacate and

 remand. On remand, the trial court shall hold an evidentiary hearing on defendant’s

 amended motion to suppress and shall issue an order, with findings of fact resolving

 any disputes in the evidence and ruling upon the motion.

 VACATED AND REMANDED.

 Judges TYSON and HAMPSON concur.