IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-37

 No. COA20-715

 Filed 18 January 2022

 Cleveland County, No. 18CRS053262

 STATE OF NORTH CAROLINA

 v.

 REBECCA MICHELLE HEATH, Defendant.

 Appeal by defendant from judgment entered on or about 6 September 2019 by

 Judge Daniel A. Kuehnert in Superior Court, Cleveland County. Heard in the Court

 of Appeals 8 June 2021.

 Attorney General Joshua H Stein, by Special Deputy Attorney General
 Alexander G. Walton, for the State.

 Shawn R. Evans, for defendant-appellant.

 STROUD, Chief Judge.

¶1 Defendant appeals the denial of her motion to suppress. Because the trial

 court failed to make sufficient findings of fact resolving conflicting evidence of

 material facts, we must vacate and remand for further findings of fact and the

 requisite conclusions of law.

 I. Procedural Background
 STATE V. HEATH

 2022-NCCOA-37

 Opinion of the Court

¶2 On 27 August 2018, defendant was indicted for possession of

 methamphetamine. On 1 August 2019, defendant filed a motion to suppress “any

 statements made by the Defendant as well as any controlled substances seized after

 an unconstitutional stop and delay pursuant to a search without a search warrant on

 or about June 4, 2018.” Defendant argued, “there was no reasonable articulable

 suspicion or traffic violation warranting a stop of the vehicle, that the Defendant was

 asked to leave her vehicle without justification and that she was further detained

 without reasonable articulable suspicion that criminal activity was afoot[.]”

 Defendant filed an affidavit in support of her motion to suppress.

¶3 After a hearing on the motion to suppress on 1 August 2019, the trial court

 entered an order denying defendant’s motion. The trial court found:

 1. That on June 4, 2018, the defendant Rebecca Heath
 was stopped by Deputy Nathan Hester for driving left of
 center and driving without an active license.

 2. That Deputy Hester had a connection with this
 individual from prior drug activity and recognized the
 vehicle she was driving as one owned by someone involved
 in drug activity.

 3. That upon conducting [sic] the vehicle, he began to
 perform those standard vehicle checks involved with a
 traffic stop which included checking car registration, VIN,
 and license status of Heath.

 4. That, as Deputy Hester was in an unmarked car and
 thus did not have the ability to run the defendant’s
 information himself, the information had to be called in
 STATE V. HEATH

 2022-NCCOA-37

 Opinion of the Court

and run through dispatch.

5. That while that information was being run, Deputy
Hester asked the defendant for consent to search the vehicle
which the defendant did not give.

6. That Deputy Hester then asked the defendant to get
out of the vehicle and called for a canine officer to come to
the scene.

7. That the call to the canine officer for a sniff came
approximately four minutes after the defendant’s vehicle
was stopped by Deputy Hester.

8. That within four minutes of being called to the
scene, Canine Officer Chris Graham with the Kings
Mountain Police Department arrived on scene.

9. That prior to the canine officer’s arrival, the
defendant advised Deputy Hester that she possessed
illegal narcotics in the vehicle.

10. That upon the canine officer’s arrival following the
admission, a canine sniff was done and confirmed the
presence of narcotics in the vehicle.

11. That a subsequent search of the vehicle uncovered
in what [sic] was believed to be methamphetamine in the
defendant’s purse along with marijuana and a glass pipe.

12. That during the entire period of the vehicle stop,
prior to the defendant’s admission to the presence of
narcotics and the arrival of the canine officer, Deputy
Hester was waiting on dispatch to run all the information
on the defendant and the vehicle with regards to the
original basis of the stop for left of center and driving
without an active license.

13. At no time did Deputy Hester prolong the stop involved
 STATE V. HEATH

 2022-NCCOA-37

 Opinion of the Court

 in this case.

 (Emphasis added.)

 The trial court concluded:

 1. Deputy Hester had reasonable, articulable suspicion
 and justification to stop the vehicle based on the violation
 of driving left of center and knowledge the defendant was
 driving without an active license.

 2. The Court also concludes as a matter of law that
 Deputy Hester did not violate the defendant’s Fourth
 Amendment rights in that the consent to search was given
 within the context of the stop and the stop was not extended.

 3. The Court also concludes as a matter of law that
 Deputy Hester received consent from the defendant to
 search the vehicle and, upon searching, found what he
 believed to be methamphetamine in the defendant’s
 vehicle, thus establishing probable cause.

 (Emphasis added.) Thereafter, defendant entered a plea arrangement to plead guilty

 to possession of methamphetamine while reserving her right to appeal the denial of

 her motion to suppress. On 6 September 2019, the trial court entered judgment for

 possession of methamphetamine, and defendant appeals.

 II. Defendant’s Appeal

¶4 Defendant contends the trial court erred in denying her motion to suppress.

 A. Standard of Review

 The standard of review in evaluating the denial of a motion
 to suppress is whether competent evidence supports the
 trial court’s findings of fact and whether the findings of fact
 STATE V. HEATH

 2022-NCCOA-37

 Opinion of the Court

 support the conclusions of law. The trial court’s findings
 are conclusive on appeal if supported by competent
 evidence, even if the evidence is conflicting. Conclusions of
 law are reviewed de novo and are subject to full review.
 Under a de novo review, the court considers the matter
 anew and freely substitutes its own judgment for that of
 the lower tribunal.

 State v. Royster, 224 N.C. App. 374, 375–76, 737 S.E.2d 400, 402–03 (2012) (citations

 and quotation marks omitted).

 B. Findings of Fact

¶5 Defendant primarily challenges many of the findings of fact based on

 arguments regarding the exact sequence of events. Both Deputy Hester and

 defendant’s testimonies establish that defendant was stopped; Deputy Hester asked

 for consent to search the vehicle; defendant denied the request for consent; Deputy

 Hester called in the K-9 officer; and after this call, defendant admitted she had drugs

 in the vehicle.

¶6 But there was also conflicting evidence as to the details of the interactions

 between Deputy Hester and defendant and the timing of the relevant events, and the

 findings of fact do not resolve these conflicts. See generally State v. Bartlett, 368 N.C.

 309, 312, 776 S.E.2d 672, 674 (2015) (“At the suppression hearing in this case,

 disagreement between two expert witnesses created a material conflict in the

 evidence. Although defendant did not dispute the officer’s testimony about what

 happened during the field sobriety tests, defendant’s expert sharply disagreed with
 STATE V. HEATH

 2022-NCCOA-37

 Opinion of the Court

 the officer’s opinion on whether defendant’s performance indicated impairment.

 Expert opinion testimony is evidence, and the two expert opinions in this case differed

 from one another on a fact that is essential to the probable cause determination—

 defendant’s apparent degree of impairment. Thus, a finding of fact, whether written

 or oral, was required to resolve this conflict. Here, Judge Jones made no such finding.

 Although he did attempt to explain his rationale for granting the motion, we cannot

 construe any of his statements as a definitive finding of fact that resolved the

 material conflict in the evidence. Without such a finding, there can be no meaningful

 appellate review of the trial judge’s decision. See Salinas, 366 N.C. at 124, 729 S.E.2d

 at 66. Accordingly, the oral ruling by Judge Jones did not comply with N.C.G.S. §§

 15A–974 and 15A–977.”)

¶7 Defendant’s testimony raised an issue regarding the timing of when Deputy

 Hester seized the drugs in relation to the canine sniff. Defendant claims Deputy

 Hester removed the drugs from the vehicle before the K-9 officer’s arrival, and then

 he put the drugs back into the car and allowed the sniff for training purposes. Deputy

 Hester testified that defendant confessed; the K-9 officer arrived; the dog sniffed the

 vehicle; then he searched the vehicle to seize the drugs. The order does not include

 any findings resolving the conflicting evidence as to the potential timing issue or the

 relevance of the K-9 officer’s search. Finding of fact 10 notes that the canine sniff

 “confirmed the presence of narcotics in the vehicle” but does not state whether the
 STATE V. HEATH

 2022-NCCOA-37

 Opinion of the Court

 narcotics were found based upon defendant’s admission before the K-9 officer arrived,

 as defendant testified.

¶8 But the trial court did not base its ruling regarding the search upon

 Defendant’s “admission” or the canine sniff for the narcotics. The trial court

 concluded:

 2. The Court also concludes as a matter of law that
 Deputy Hester did not violate the defendant’s Fourth
 Amendment rights in that the consent to search was given
 within the context of the stop and the stop was not
 extended.

 3. The Court also concludes as a matter of law that
 Deputy Hester received consent from the defendant to
 search the vehicle and, upon searching, found what he
 believed to be methamphetamine in the defendant’s
 vehicle, thus establishing probable cause.

 (Emphasis added.) Thus, the specific basis for the trial court’s denial of defendant’s

 motion to suppress is her “consent to search[.]”

¶9 The State argues the consent mentioned in conclusions of law 2 and 3 is based

 upon defendant’s consent for the canine to sniff and the officer to search the vehicle

 after her confession. The State summarizes the evidence as follows:

 Upon the arrival of the K-9 officer however, she did
 give consent to a search of her vehicle. According to
 Defendant, upon arriving the K-9 officer asked her, “Do you
 mind since I’m here, for dog training purposes, to go ahead
 and search your car?” (T p 63) Defendant responded, “No, I
 don’t care. Go ahead.” (Id.) She continued, “He already
 had the drugs in his car, Hester. He had to go back, put it
 STATE V. HEATH

 2022-NCCOA-37

 Opinion of the Court

 back where it was in my car so the canine could do its
 training thing – I consented to that – and then take the
 drugs back out.”

¶ 10 The trial court is the finder of fact, and we cannot assume facts from the

 unusual evidence of this alleged transaction where defendant claimed the drugs were

 removed from the vehicle before the canine arrived and then put back into the vehicle.

 We note that even according to the State’s summary of the evidence, Deputy Hester

 had seized the drugs before defendant “consented” for the canine to sniff, and thus it

 does not make sense for the trial court to base its determination of defendant’s

 “consent” on a “consent” which occurred after the drugs were seized. Further, the

 trial court’s findings of fact do not discuss most of the evidence the State relies upon

 in its argument on appeal regarding consent, as the trial court’s written findings of

 fact mention only the request for consent to search before the call for the canine, and

 the trial court found defendant did not consent at that point.

¶ 11 The State also contends this Court should note the trial court’s oral findings of

 fact. At the hearing, while the trial court briefly explained why it denied the motion,

 it did not render oral findings of fact and conclusions of law which were then

 memorialized in a written order as the State contends. The trial court’s rendition in

 open court does not clarify the basis for denial of the motion to suppress. Because the

 findings of fact are not sufficient to allow proper appellate review, we must remand

 for further findings of fact, particularly regarding whether and when defendant
 STATE V. HEATH

 2022-NCCOA-37

 Opinion of the Court

 consented to a search and the timing of the search and seizure in relation to the

 consent and the call for, arrival, and sniff of the canine officer. See Bartlett, 368 N.C.

 at 312, 776 S.E.2d at 674 (“In determining whether evidence should be suppressed,

 the trial court ‘shall make findings of fact and conclusions of law which shall be

 included in the record.’ N.C.G.S. § 15A–974(b) (2013); see also id. § 15A–977(f) (2013)

 (‘The judge must set forth in the record his findings of facts and conclusions of law.’)

 A written determination setting forth the findings and conclusions is not necessary,

 but it is the better practice. State v. Oates, 366 N.C. 264, 268, 732 S.E.2d 571, 574

 (2012). Although the statute’s directive is in the imperative form, only a material

 conflict in the evidence—one that potentially affects the outcome of the suppression

 motion—must be resolved by explicit factual findings that show the basis for the trial

 court’s ruling. State v. Salinas, 366 N.C. 119, 123–24, 729 S.E.2d 63, 66 (2012); State

 v. Ladd, 308 N.C. 272, 278, 302 S.E.2d 164, 168 (1983). When there is no conflict in

 the evidence, the trial court’s findings can be inferred from its decision. State v.

 Munsey, 342 N.C. 882, 885, 467 S.E.2d 425, 427 (1996). Thus, our cases require

 findings of fact only when there is a material conflict in the evidence and allow the

 trial court to make these findings either orally or in writing.”) Without such a finding,

 there can be no meaningful appellate review of the trial judge’s decision. See generally

 id.

¶ 12 Ultimately, the trial court’s findings of fact are not sufficient to allow
 STATE V. HEATH

 2022-NCCOA-37

 Opinion of the Court

 meaningful appellate review.

 III. Conclusion

¶ 13 Because the trial court failed to make sufficient findings of fact resolving

 conflicting evidence of material facts, we must vacate and remand for further findings

 of fact and the requisite conclusions of law.

 VACATED and REMANDED.

 Judges COLLINS and WOOD concur.