An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-464

Filed 18 March 2026

Mecklenburg County, Nos. 22CR219282-590; 22CR219286-590

STATE OF NORTH CAROLINA

v.

CRISTIAN JEREMI SOSA-VALDEZ, Defendant.

Appeal by defendant from final judgments entered 8 March 2024 by Judge Robert C. Ervin in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 January 2026.

> *Vitrano Law Office, PLLC, by Sean P. Vitrano, for defendant-appellant.*

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Rachel G. Posey, for the State.*

DILLON, Chief Judge.

Defendant Cristian Jeremi Sosa-Valdez appeals from final judgment entered upon a jury's verdict finding Defendant guilty of trafficking in cocaine and possession with intent to sell or deliver cocaine. On appeal, Defendant argues the trial court's failure to make express findings of fact in its order denying Defendant's pre-trial motion to suppress evidence of a firearm found in Defendant's vehicle during a traffic

stop is error because there is a material conflict in the evidence. For the reasons set forth below, we hold Defendant received a fair trial, free from reversible error.

## I. Background

The State's evidence showed: On 15 June 2022, Officer Marmol and Officer Nicholas with the Charlotte Mecklenburg Police Department pulled over a vehicle with a broken taillight on North Sharon Amity Road. Officer Marmol approached the driver's side door and encountered Defendant, the sole occupant of the vehicle, with his window down. On approach, Officer Marmol indicated Defendant was sweaty, seemed nervous, and smelled an odor generally associated with marijuana emanating from Defendant's vehicle. Officer Nicholas, who approached the passenger side door side, motioned Officer Marmol to ask Defendant to roll down his tinted passenger side window, Defendant did not comply.

Officer Marmol asked Defendant for his license and registration to which Defendant responded he did not have a license but moved to open the glove compartment for the vehicle's registration. When Defendant reached for the vehicle's registration, Officer Nicholas observed a bong fall out of the glove compartment. Officer Nicholas alerted Officer Marmol of this observation and Officer Marmol detained Defendant.

Relevant here, Officer Marmol conducted a search of Defendant's vehicle and found a loaded 9-millimeter handgun underneath the driver's seat. Officer Marmol alerted Officer Nicholas to the handgun and Officer Nicholas arrested Defendant.

After Officer Nicholas placed Defendant under arrest, Officer Marmol found additional items in Defendant's vehicle: marijuana, hard rock-like substance believed to be crack-cocaine, a white powdery substance later confirmed to be cocaine, and an Altoids tin holding individually wrapped baggies of the cocaine.

The trial court denied Defendant's pre-trial motion to suppress the search of Defendant's vehicle. A jury convicted Defendant of trafficking in cocaine and possession with intent to sell or deliver cocaine. Defendant appeals.

## II. Analysis

Defendant argues the trial court's denial of the motion to suppress without making express findings of fact is error because a material conflict in the evidence is present. For the foregoing reasons, we disagree.

The standard of review in assessing a denial of a motion to suppress when, "the facts are not disputed and the trial court did not make specific findings of fact either orally or in writing, [the findings are inferred] from the trial court's decision and [we] conduct a de novo assessment of whether those findings support the ultimate legal conclusion reached by the trial court." *State v. Nicholson*, 371 N.C. 284, 288 (2018) (footnote omitted).

When a trial court must determine whether evidence should be suppressed, it must "make findings of fact and conclusions of law which shall be included in the record." N.C.G.S. § 15A-974(b); *see also id.* § 15A-977(f). However, express findings—written or oral—are not required under G.S. 15A-977(f) when "(1) the trial court

provides its rationale from the bench, and (2) there are no material conflicts in the evidence at the suppression hearing. *State v. Baker*, 208 N.C. App. 376, 380 (2010) (citations omitted). "A material conflict in the evidence . . . [is] one that potentially affects the outcome of the suppression motion[.]" *State v. Bartlett*, 368 N.C. 309, 312 (2015) (citations omitted) (emphasis omitted). For example, in *Bartlett*, our Supreme Court held a material conflict existed because (1) two expert witnesses disagreed about the defendant's impairment level; and (2) such impairment provided probable cause for the defendant's arrest. 368 N.C. at 312. Absent a material conflict, "the trial court's findings can be inferred from its decision." *Id.* (citation omitted).

Here, the trial court did not make express findings of fact and orally denied Defendant's motion to suppress concluding the officers had probable cause to search Defendant's vehicle because "the odor of marijuana is still sufficient . . . [and the] observation of paraphernalia independently is sufficient." Defendant contends the trial court's oral conclusion runs afoul of G.S. 15A-974(b) and G.S. 15A-977(f) because a State Bureau of Investigation memorandum ("Memo") and the credibility of Officer Nicholas's testimony affected the outcome of the suppression motion.[1]

We disagree. The definition of material conflict and its use in North Carolina

---

[1] The Memo is undated and unsigned internal guidance for police officers and related state agencies based on recent legislation legalizing hemp for some purposes. *See* An Act to Recognize the Importance and Legitimacy of Industrial Hemp Research, to Provide for Compliance with Portions of the Federal Agricultural Act of 2014, and to Promote Increased Agricultural Employment, S.L. 2015-299, § 2, 2015 N.C. Sess. Laws 1483, 1486.

case law creates the implication a defendant must put on evidence to contravene the State's evidence. Here, Defendant put on no evidence to contravene the State's.[2]

As it relates to the Memo, this Court in *State v. Parker* previously held the Memo does not create a "material issue of *fact*." 277 N.C. App. 531, 538 (2021) (emphasis in original). Thus, Defendant's attempt to create a conflict based on the Memo is overruled. As it relates to the credibility of Officer Nicholas's testimony, "[t]he trial judge who presides at a suppression hearing 'sees the witnesses, observes their demeanor as they testify and by reason of his more favorable position, he is given the responsibility of discovering the truth.' " *State v. Bartlett*, 368 N.C. 309, 313 (2015) (quoting *State v. Smith*, 278 N.C. 36, 41 (1971)). It follows then, the trial court judge was the sole decision maker in determining the credibility of Officer Nicholas's testimony during the suppression hearing.[3]

Even when express findings of fact are not required, the trial court is still required to provide conclusions of law. *State v. McFarland*, 234 N.C. App. 274, 284 (2014); *see also* N.C.G.S. § 15-977(f) (emphasis added) ("The judge *must* set forth in the record his . . . conclusions of law."). A conclusion of law mandates the "exercise of

---

[2] Mere cross-examination of the State's witnesses does not create a material conflict in the evidence. *See State v. Baker*, 208 N.C. App. 376, 383 (2010).

[3] Defendant makes this argument seemingly to paint the picture that only the odor of marijuana or hemp prompted the search of Defendant's vehicle. The issue of whether the smell of marijuana *alone* is permissible to search a vehicle is currently pending before our Supreme Court pursuant to recent litigation around the Memo. *See State v. Schiene*, 387 N.C. 422 (2025); *State v. Dobson*, 387 N.C. 420 (2025); *State v. Rowdy*, 387 N.C. 421 (2025) (determining whether marijuana odor alone provides reasonable suspicion or probable cause of criminal activity).

judgment" to come to a determination, "or the application of legal principles" to the facts of the case. *State v. Parisi*, 372 N.C. 639, 655 (2019) (citing *McFarland*, 234 N.C. App. at 284).

Here, the trial court's conclusion relies on whether the officers had probable cause to initiate the search of Defendant's vehicle. Probable cause is present where an officer's knowledge of the facts and circumstances are sufficient to "support a reasonable belief that [an] automobile . . . carries contraband materials." *State v. Simmons*, 278 N.C. 468, 471 (1971) (citing *Carroll v. United States*, 267 U.S. 132, 158–59 (1925)).

Following *Parker*, this Court recognizes an officer's determination for probable cause for a traffic stop in the context of the odor which emanates from marijuana and hemp is "whether an officer, based on his or her training and experience, had reasonable grounds to believe that the suspect possessed marijuana . . . not whether an officer can discern the difference between illegal marijuana or legal hemp." *In re J.B.P.*, 919 S.E.2d 521, 525 (N.C. Ct. App. 2025); *see State v. Little*, 295 N.C. App. 541, 555 (2024) (citing *Texas v. Brown*, 460 U.S. 730, 742 (1983)) ("But the issue here . . . for the purposes of probable cause . . . is only whether the officer, based upon his training and experience, had a reasonable basis to believe . . ." incriminating evidence could be found in the vehicle.).

Here, the trial court appropriately applied the probable cause standard to the facts of this case. Combined, both officers have previously engaged in approximately

sixty-five traffic stops regarding narcotics. Both officers testified based on their experience and training that: bongs are generally used to smoke marijuana and each classified bongs as drug paraphernalia; and Officer Marmol testified based on such training he believed the smell coming from Defendant's vehicle to be marijuana.

The State's evidence tends to show the officers detained Defendant only after smelling the odor *and* observing the bong fall from the glove compartment. Similarly, the evidence tends to show the officers did not remove Defendant from his vehicle on a smell consistent with marijuana alone. The officers' actions comport with the facts and holding in *Parker* dealing with a probable cause search based on smell *plus* other circumstances. *See* 277 N.C. App. 531, 541 (2021) (stating the Court need not examine whether the smell of marijuana alone is sufficient for probable cause to search a vehicle because the officer had more than just odor to indicate illegal drugs may be present). The trial court's conclusion reflects these facts and law in stating: "the odor of marijuana is still sufficient . . . [and the] observation of paraphernalia independently is sufficient."

Additionally, the trial court's statement could be construed as recognizing the officers could have removed and detained Defendant based on plain view of the bong without regard to the smell emanating from Defendant's vehicle. *See State v. Grice*, 367 N.C. 753, 756–57 (2015) (stating the four requirements for plain view exception to warrantless searches in North Carolina *and* stating "[w]hen law enforcement observes contraband in plain view . . . the Fourth Amendment's prohibition against

unreasonable warrantless searches is not violated."). *See California v. Ciraolo*, 476 U.S. 207, 213–15 (1986); *see also State v. Lupek*, 214 N.C. App. 146, 149–154 (2011) (affirming trial court's denial of the defendant's motion to suppress evidence found in the defendant's home where an officer observed a bong in plain view and smelled marijuana).

Thus, on de novo review, the trial court's conclusion of law is supported by the applicable legal principles and facts of this case.

## III.    Conclusion

Defendant received a fair trial, free from reversible error because there is no material conflict in the evidence and the conclusions of law are supported both by facts of the case and relevant legal principles.

NO ERROR.

Judges HAMPSON and MURRY concur.

Report per Rule 30(e).